**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIS G. GALLOWAY,

       Plaintiff - Appellant,

v.

LAWRENCE JOURNAL WORLD
NEWSPAPER ; ERIC WESLANDER,
Publisher, Lawrence Journal World
Newspaper,

       Defendants - Appellants.

No. 07-3111

D. Kan.

(D.C. No. 07-CV-3045-SAC)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Louis Galloway, appearing *pro se* and *in forma pauperis*, appeals from the district court's *sua sponte* dismissal of his civil rights complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(a), (b).[1] Specifically, the court dismissed the complaint because the defendants, the Lawrence Journal World Newspaper and its publisher, were not persons acting under color of state law as required to state a claim for relief under 42 U.S.C. § 1983. It further concluded that allowing Galloway an opportunity to amend his complaint to cure this deficiency would be futile.

We review de novo a district court's dismissal of a prisoner's case for failure to state a claim. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). Under § 1983, liability attaches only to conduct occurring under color of state law; conduct constituting state action under the Fourteenth Amendment satisfies this requirement. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n.18 (1982). In this case, both defendants are private actors. Private conduct constitutes state action if it is "fairly attributable to the State." *Id.* at 937; *see also Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000). This requirement is satisfied if two conditions are met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and (2) the private party charged with the

---

[1] *Pro se* pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

-2-

deprivation "must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937. The defendants' conduct in this case, publishing an article allegedly containing false information about Galloway, does not satisfy *Lugar*. The court properly dismissed the complaint for failure to state a claim.

We conclude this appeal is frivolous and DISMISS it under 28 U.S.C. § 1915(e)(2)(B)(i). Galloway has accumulated two strikes in this matter, one due to the district court's dismissal for failure to state a claim and one due to our dismissal of the appeal as frivolous. *See* 28 U.S.C. § 1915(g). We DENY his "Motion For Continuance." Galloway is reminded to continue making partial payments of his appellate filing fee until the entire balance is paid. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay the appellate filing fee in full).

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge