PUBLISH

**F I L E D**
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

SEP 14 2001

TENTH CIRCUIT

PATRICK FISHER
Clerk

ROLLY O. KINNELL,

       Plaintiff-Appellant,

v.

BILL GRAVES, Governor of the State
of Kansas; CHARLES SIMMONS,
Secretary of Corrections; DAVID
MCKUNE, Warden, Lansing
Correctional Facility,

       Defendants-Appellees.

No. 00-3404

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 00-CV-3356-GTV)

Submitted on the briefs:

Rolly O. Kinnell, pro se.

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** , Senior
Circuit Judge.

**BALDOCK** , Circuit Judge.

Plaintiff Rolly O. Kinnell, a Kansas state prisoner appearing pro se, filed a civil rights complaint alleging that dismissals of previous federal court actions, in which he sought stays of state criminal proceedings and prison disciplinary proceedings, amounted to an unconstitutional denial of his access to the courts. [1] The district court noted that Kinnell had filed more than three previous actions which had been dismissed as frivolous, and therefore determined that 28 U.S.C. § 1915(g) barred him from pursuing an action *in forma pauperis* (ifp). Later, the district court dismissed the action for failure to pay the filing fee. Kinnell now appeals the dismissal and the three-strikes ruling that prompted it. We affirm the dismissal. [2] Moreover, we announce filing restrictions in addition to those imposed by § 1915(g).

---

[1] We have construed Kinnell's filings liberally in accordance with his pro se status. *See Haines v. Kerner*, 404 U.S. § 519, 520 (1972). Although Kinnell states that his claim arises under 42 U.S.C. 1983, which applies to state action, it appears that his lawsuit challenges the actions of federal judges and court personnel. It is therefore brought under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] After examining plaintiff's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## DISCUSSION

Section 1915(g), the "three strikes" provision of the ifp statute applicable to indigent prisoners, "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998). "The only exception" to the requirement applies to prisoners "in 'imminent danger of serious physical injury.'" *Id.* (quoting 28 U.S.C. § 1915(g)). [3] Kinnell does not contest that, while incarcerated, he has had three or more prior civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. [4] Further, he does not raise any specific or credible allegations of "imminent danger." *See id.* (requiring specific, credible allegations of "imminent

---

[3]     Section 1915(g) provides:

   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[4]     We have found that "Kinnell has had actions or appeals dismissed as frivolous on more than three prior occasions." *Kinnell v. Sec'y of Veteran Affairs*, Nos. 99-3097, 99-3100, 99-3128, 99-3130, 1999 WL 819570, at **1 (10th Cir. July 16, 1999), *cert. dismissed*, 528 U.S. 1111 (2000). *See also Kinnell v. Kansas*, No. 98-3225, 1999 WL 26875, at **1 (10th Cir. Jan. 15, 1999) (noting, in a habeas corpus case, that four of Kinnell's appeals have been dismissed as frivolous and three others summarily affirmed).

danger of serious physical harm"). Instead, he offers three alternate arguments for why he believes he should not be bound by the requirement: (1) his previous actions were not frivolous; (2) § 1915(g) is unconstitutional in that it interferes with his rights of equal protection, due process, and access to the courts; and (3) § 1915(g) is unconstitutionally vague "in that it does not specify what [t]hree or more prior oc[c]asions have been dismissed, i.e. how far back." Motion to Show Cause for Appeal at ¶ 1. These arguments are unconvincing.

First, we will not revisit the merits of Kinnell's previous claims. The doctrine of "[r]es judicata, or claim preclusion, precludes a party . . . from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." *King v. Union Oil Co.*, 117 F.3d 443, 445 (10th Cir. 1997). Notwithstanding Kinnell's conclusory allegations of unfairness, the doctrine of res judicata bars an attack on the judgments entered in his prior cases.

Second, Kinnell's argument that § 1915(g) is unconstitutional because it violates the First Amendment, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment, is squarely foreclosed by Tenth Circuit precedent. In *White*, 157 F.3d at 1232-34, we reviewed § 1915(g) under a rational basis test and rejected a prisoner's equal protection and due process challenges founded upon a First Amendment claim of right of access to the courts. We held that ifp

status in a civil case is not a fundamental right, *id.* at 1233, and that § 1915(g) "is rationally related to the legitimate end of deterring frivolous and malicious prisoner lawsuits," *id.* at 1234.

Kinnell's statement that he is black as well as indigent is of no consequence to our evaluation of his Equal Protection argument. The threshold requirement of an Equal Protection claim is a showing that the government discriminated among groups. "Unless a legislative classification either burdens a fundamental right or *targets a suspect class*, it need only bear a 'rational relation to some legitimate end'" to satisfy the Equal Protection Clause. *Id.* at 1234 (quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996) (emphasis added). We see no basis for a contention that § 1915(g) specifically targets indigent inmates who are also members of a suspect class.

Kinnell's third argument arises from his notion that § 1915(g) is unconstitutionally vague for failure to provide a time limit for dismissals that can be counted as strikes. "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Section 1915(g) does not prohibit any conduct, and vagueness principles provide no basis for challenging it.

-5-

Moreover, we have previously undertaken a "plain reading" of the "plain language" of § 1915(g). *Green v. Nottingham*, 90 F.3d 415, 419-20 (10th Cir. 1996). After doing so, we held that the statute merely announced a new procedural rule governing new ifp prisoner filings of "prisoners who have shown a propensity toward filing meritless lawsuits in the past," without affecting the merits of the underlying action or changing the "legal consequences of prisoner actions dismissed before the statute's enactment." *Id.* at 420. We find no substance to Kinnell's contention that the statute is somehow unconstitutionally vague.

The district court correctly dismissed Kinnell's complaint under § 1915(g). Accordingly, we DENY leave to proceed ifp in this court and DISMISS this appeal. Kinnell is reminded that the dismissal of his appeal does not relieve him of the responsibility to pay the appellate filing fee in full. We further emphasize that, while incarcerated, Kinnell may not bring a new federal civil action without prepaying the full filing fee unless he is "under imminent danger of serious physical injury." § 1915(g).

## FILING RESTRICTIONS

It is clear that Kinnell's filings in this court have been repetitive and frivolous and that restrictions beyond those imposed by § 1915(g) are needed to prevent further such filings. We therefore impose additional restrictions on Kinnell's filings in this court, whether or not he pays a full filing fee. Kinnell is enjoined from proceeding as an appellant or a petitioner without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se. To do so, he must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se proceeding;

2. Include in the petition the following information:

a. A list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this court by Kinnell, with a statement indicating the current status of disposition of each proceeding;

b. A list apprising this court of all outstanding injunctions, contempt orders, or other judicial directions limiting his access to state or federal court, including orders and injunctions requiring him to be represented by an attorney; said list to include the name, number and citation, if applicable, of all such orders and injunctions;

3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a particularized description of the order or ruling being challenged and a short statement of the legal basis asserted

for the challenge. The affidavit must also certify, to the best of his knowledge, that the legal arguments advanced are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the appeal or other proceeding is not interposed for any improper purpose; and that he will comply with all federal appellate rules and local rules of this court.

These documents shall be submitted to the clerk of this court, who shall forward them to the chief judge for review to determine whether to permit the pro se appeal or other proceeding. Without the chief judge's approval, the matter will not proceed. If the chief judge approves the submission, an order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules. Only at that juncture will the appeal or other proceeding formally be filed in this court.

Kinnell shall have ten days from the date of this opinion to file written objections, limited to fifteen pages, to these proposed restrictions. Unless this court orders otherwise upon review of any objections, the restrictions shall take effect twenty days from the date of this opinion and shall apply to any matter filed by Kinnell with this court after that time.

**CONCLUSION**

This appeal is DISMISSED.   In addition to the statutory restrictions of § 1915(g), the restrictions set forth herein shall be imposed upon Kinnell unless this court orders otherwise upon review of timely filed written objections.  We have considered Kinnell's hand-written motion filed August 2, 2001, and DENY the motion.