**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANKIE L. WITHERSPOON,

Plaintiff - Appellant,

v.

KEITH COLLINS; ROBBIN DIBBLE;
PRESTIGE LAUNDRY,

Defendants - Appellees.

No. 01-3383
(D.C. No. 00-CV-1324-JTM)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Frankie L. Witherspoon challenges the district court's dismissal of her

claim for wrongful termination. For the reasons set out below, we affirm.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

## I. APPELLATE JURISDICTION

As a threshold matter, defendants Prestige Laundry, et al., argue that Ms. Witherspoon has not properly preserved the issues for appeal as a result of untimely filing. A brief chronology of the essential points proves this argument incorrect.

Defendants moved to dismiss the case in the district court on September 4, 2001. Ms. Witherspoon failed to respond, so the district court treated the motion as uncontested and, on September 28, 2001, dismissed her case. On October 3, 2001, Ms. Witherspoon timely moved for reconsideration of the dismissal order. This filing was made within ten days of the entry of the district court's order, as required by Fed. R. Civ. P. 59(e), thus effectively tolling the period for filing a notice of appeal, as allowed by Fed. R. App. P. 4(a)(4)(A)(iv). Ms. Witherspoon's motion for reconsideration was denied by the district court on November 16, 2001. On November 30, she timely filed a notice of appeal to the Tenth Circuit. This filing was made within thirty days of the date of the order disposing of the motion that had earlier tolled the filing period for the notice of appeal, as required by Fed. R. App. P. 4(a)(1)(A) and 4(a)(4)(A)(iv). Thus, contrary to defendants' arguments, the issues here have been properly preserved for appeal.

The district court's original order dismissing the defendants' counterclaims

without prejudice did not satisfy the final judgment rule. Fed. R. Civ. P. 54(b). However, the district court subsequently entered a Rule 54(b) certification of its order on February 7, 2002. The court therefore now has jurisdiction pursuant to 28 U.S.C. § 1291.

## II. MERITS

Ms. Witherspoon appeals the denial of her motion for reconsideration of the district court's order dismissing her claims. The district court held that Ms. Witherspoon's claims for compensation for wrongful termination under Title VII, the Age Discrimination in Employment Act, and the Americans with Disabilities Act were all precluded by the doctrine of res judicata because Ms. Witherspoon had previously brought an action in state district court based on the same occurrences, which the state court had dismissed with prejudice.

We review *de novo* the district court's determination that the doctrine of res judicata barred the plaintiff's claims. *See Fox v. Maulding*, 112 F.3d 453, 457 (10th Cir. 1997). Because "[f]ederal courts must give to state court judgments 'the same full faith and credit . . . as they have by law or usage in the courts of such State . . . in which they are taken,'" *id.* at 456 (quoting 28 U.S.C. § 1738), we look to the law of Kansas to determine the preclusive effect to be given to the judgment entered in the state action. The recent case of *Reed v. McKune*, 298 F.3d 946 (10th Cir., 2002), sets out the analysis we must follow here:

-3-

The doctrine of res judicata prohibits litigation of certain claims based on the resolution of an earlier action between the same parties. "Under res judicata, a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Under Kansas law, an issue is res judicata when there is a "concurrence" of four conditions: "(1) identity of the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made."

*Id.* at 950.

In Ms. Witherspoon's case, the district court correctly determined that the state court action and the federal court action did indeed have all of these four identities. Ms. Witherspoon's federal claim sought the same relief, under the same cause of action (or causes of action she *could* have brought, *see Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)), against the same parties as she named in the state court action. The district court correctly gave full faith and credit to the dismissal with prejudice granted by the state court in the earlier action. Consequently, the district court did not err in denying Ms. Witherspoon's motion for reconsideration of the dismissal of her case on the basis of res judicata.

We **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-4-