**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**June 15, 2006**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

| | |
|---|---|
| PAUL J. HUNTINGTON, SR., | |
| Plaintiff - Appellant, | |
| v. | No. 05-1448 |
| | (D. Colorado) |
| COORADO BOARD OF PAROLE; | (D.Ct. No. 05-CV-1299) |
| ALLAN F. STANLEY, Chairman; | |
| Ccurtis DEVIN, Vice Chairman; DON | |
| VAN PELT, Member; DR. RICHARD | |
| A. MARTINEZ, Member, | |
| Defendants - Appellees. | |

**ORDER DISMISSING FRIVOLOUS APPEAL
DENYING *IN FORMA PAUPERIS* STATUS
AND IMPOSING STRIKES**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

Paul J. Huntington, Sr. is an inmate in the Colorado prison system. He filed a *pro se* 28 U.S.C. § 1983 complaint against the Colorado Parole Board and its members alleging violation of his rights under the Constitution of the United States because the Board: 1) denied parole in 2002 and deferred reconsideration of his application for three years and 2) again denied parole in 2005 and deferred reconsideration of his application for five years. He claims he is entitled to annual parole reconsideration, notwithstanding current law, because when he was convicted of first degree murder Colorado required annual parole consideration for eligible prisoners. He was permitted to proceed *in forma pauperis* in the district court.

The district court screened his complaint as required by statute. 28 U.S.C. § 1915(e)(2)(B). It determined the complaint to be legally frivolous, explained why, citing cases, and dismissed it. Huntington appealed, but the district court denied *in forma pauperis* status on appeal because the appeal was not taken in good faith; he had "not shown the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal." 28 U.S.C. § 1915(a)(3).

Huntington has here made another request to proceed *in forma pauperis*. We have reviewed his opening brief and cannot discern a reasoned, non-frivolous argument on the law and facts in support of the issues he purports to raise. His

request is denied and this frivolous appeal is DISMISSED.

28 U.S.C. § 1915(e)(2)(B).

Huntington is ordered to immediately pay the full appellate filing fee. *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of obligation to pay appellate filing fee in full).

Huntington has accumulated two strikes, one in the district court and one here. 28 U.S.C. § 1915(g); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

Huntington's Motion for Entry of Default Judgement is DENIED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge