**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BARRY WATSON,

      Plaintiff - Appellant,

      v.

HAROLD MAURICE JAMES; KEVIN
MCCRAY; RAY C. ELLIOTT;
NATHAN DILLS; ROBERT BYBEE;
MIKE SPEEGLE; JERAL SCOTT
DUPY; ALLEN J. WELCH; JEFFREY
BYERS; JENNIFER RICHARD;
CAROLYN L. MERRITT,

      Defendants - Appellees.

No. 06-6350

W.D. Okla.

(D.C. No. 06-CV-462-R)

**ORDER DISMISSING APPLICATION AS FRIVOLOUS**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Barry Watson, *pro se*,[1] appeals from the district court's dismissal of his

---

[1] We liberally construe *pro se* pleadings and appellate briefs. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

42 U.S.C. § 1983 complaint on statute of limitations grounds. We dismiss his frivolous appeal.

## Background

In his complaint, Watson related this series of events. Watson was arrested on April 16, 1998. On November 6, 2000, he proceeded to trial in state court and was represented by a state public defender. On November 29, 2000, he was sentenced after being found guilty of charges arising from the April 1998 incident. Carolyn Merritt, a staff lawyer at the state public defender's office who did not serve as trial counsel, represented Watson on direct appeal. She did not raise assignments of error based on ineffective assistance of trial counsel or trial counsel's alleged conflict of interest. On October 18, 2001, the Oklahoma Court of Criminal Appeals affirmed Watson's conviction and sentence.

More than four years later, on April 25, 2006, Watson filed a civil rights complaint in federal court against his appellate counsel, his trial counsel, the officers involved in his April 1998 arrest, and his trial judge. He alleged Merritt conspired with "co-workers, a state official or state officials," acting under color of state law, to deny his rights to 1) direct appeal; 2) conflict-free and effective assistance of counsel; 3) due process; and 4) equal protection. He also claimed he was denied equal protection of the law during his direct appeal because of his poverty and race. He sought 1) a jury trial; 2) declaratory and injunctive relief

against his trial judge; and 3) monetary damages against the remaining defendants.

The magistrate judge concluded Watson's claims were filed well after the two-year statute of statute of limitations had run and recommended dismissing Watson's complaint. Over Watson's objections, the district court adopted the magistrate judge's report and recommendation and dismissed Watson's complaint as untimely. The court left its previous grant of leave to proceed *ifp* intact but imposed a strike under 28 U.S.C. § 1915(g). Watson has filed a motion for leave to file *ifp* in this Court even though it is unnecessary to do so.[2] *See* Fed. R. App. P. 24(a)(5).

Under 28 U.S.C. § 1915(e)(2)(B)(i), this Court must dismiss frivolous appeals. Watson's brief fails to present any legal theory or refer to specific facts that could conceivably refute the district court's thoroughly reasoned disposition.

---

[2] When a prisoner is granted leave to proceed *ifp* in the district court that right continues on appeal unless the district court certifies the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3). Watson's continuing *ifp* status does not relieve him of his obligation to pay filing fees, it merely permits the fees to be paid in installments. Accordingly, he must continue to make payments until the filing fee is paid in full. *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of obligation to pay appellate filing fee in full).

**DISMISSED**.[3]

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

---

[3] This dismissal counts as a strike under § 1915(g). Thus, Watson has accumulated two strikes, one in the district court and one here. *See* 28 U.S.C. § 1915(g); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).