**UNITED STATES COURT OF APPEALS**

**October 12, 2007**

**TENTH CIRCUIT**

---

JAVIER SALAZAR, also known as
Javier Zapata,

Petitioner - Appellant,

v.

MILYARD; ATTORNEY GENERAL
OF THE STATE OF COLORADO,

Respondents - Appellees.

No. 07-1208

D. Colo.

(D.C. No. 07-cv-579-ZLW)

---

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*,
DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPLICATION**

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

Javier Salazar, a/k/a Javier Salazar Zapata (Salazar), was convicted by a jury of two counts of distribution of a schedule I controlled substance and one count of possession of a schedule I controlled substance. He was sentenced to twenty-four years in prison in a judgment entered on February 14, 2001. The Colorado Court of Appeals affirmed the conviction and sentence, and the Colorado Supreme Court denied certiorari in September 2003. Salazar then filed a state post-conviction motion in May 2004, which was also denied by the trial court. The denial was affirmed by the Colorado Court of Appeals and the

Colorado Supreme Court denied certiorari in May 2006.

Salazar brought this federal habeas petition, appearing pro se,[1] in February 2007. The court required him to show cause why his petition should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). Salazar responded with an argument on the merits of his claim, but did not address the timeliness issue. The district court then dismissed his petition as untimely, denied Salazar's application for COA, and denied his motion to proceed *ifp* finding the "appeal is not taken in good fath because [Salazar] has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal" pursuant to 28 U.S.C. § 1915(a)(3). (R. Doc. 15.)

Salazar now applies for a COA and seeks leave from this Court to proceed *ifp* on appeal. *See* 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b)(1).[2] In response to the timeliness issue, he says: "the one year limitation period for him to file a federal habeas corpus claim started at the time the Colorado Supreme Court denied his petition for writ of certiorari on his post conviction motion 35(c), on May 08, 2006, and ended on May 08, 2007. Mr. Salazar filed his claim on February 22, 2007, well within the time frame." (Petitioner's Application &

---

[1] We liberally construe Salazar's pro se pleadings. *See Ledbetter v. City of Topeka, Kan.*, 317 F.3d 1183, 1187 (10th Cir. 2003).

[2] His original filing was incomplete due to circumstances beyond his control. We permitted Salazar to re-file his application for COA, motion for *ifp* and brief, which he did on October 4, 2007.

Motion at 5.)  He is incorrect.

Salazar had one year after his conviction became final to file his federal habeas petition.  Excluded from that year is the time a state post-conviction proceeding is pending.  The district court correctly concluded his direct appeal became final on December 1, 2003 (a fact he does not dispute).  It then computed the time, saying "Mr. Salazar asserts that he filed a Colo. R. Crim. P. 35(c) postconviction motion, which was pending in state court from May 17, 2004, until May 8, 2006.  Nonetheless, from December 2, 2003, until May 16, 2004, and from May 9, 2006, until February 21, 2007, a period of more than one year, Mr. Salazar did not have a postconviction or collateral proceeding pending in state court."  (R. Doc. 6 at 4.)  The district court's conclusions are not reasonably debatable.  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Salazar was well advised of his erroneous reading of applicable law by the magistrate judge (in an order requiring him to show cause why his petition ought not be dismissed as untimely) and the district judge (in the order dismissing his habeas petition).  Nevertheless, and without presenting any authority calling those rulings into question, he seeks leave to appeal *ifp*.  His motion to proceed *ifp* on appeal is **DENIED** because he has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

We **DENY** Salazar's request for a COA and **DISMISS** his application.

Salazar must pay the full amount of the filing fee. Dismissal of an appeal does not relieve a litigant of his obligation to pay the filing fee in full. *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

FOR THE COURT:

Terrence L. O'Brien
United States Circuit Judge