**Rolly O. KINNELL, Petitioner–Appellant,**

**v.**

**State of KANSAS; David R. McKune, Warden; Attorney General of Kansas; Bourbon County, Kansas, Respondents–Appellees.**

No. 08–3228.

United States Court of Appeals, Tenth Circuit.

Jan. 8, 2009.

———

Rolly O. Kinnell, Lansing, KS, pro se.

Jared S. Maag, Attorney General for the State of Kansas, Topeka, KS, for Respondents–Appellees.

Before O'BRIEN, EBEL, and GORSUCH, Circuit Judges.

## ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION

TERRENCE L. O'BRIEN, Circuit Judge.

Rolly O. Kinnell, a Kansas state prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal from the district court's order dated August 1, 2008. The order struck several motions Kinnell filed in regard to his 1999 habeas corpus petition due to his failure to comply with the court's filing restrictions. Kinnell also seeks permission to proceed in forma pauperis (ifp) pursuant to 28 U.S.C. § 1915.

Kinnell is no stranger to the federal court system. Kinnell's 1999 habeas petition was denied in 2001. *See Kinnell v. Kansas*, No. 00–3235–SAC, 2007 WL 3171517 at *1 (D.Kan.2007) (unpublished). He did not appeal. In 2003, he filed a motion for relief from judgment which the district court construed as a second and successive habeas corpus application and transferred to this Court for authority to file. We denied permission. *Kinnell v. Kansas*, No. 03–3249 (10th Cir. Oct. 3, 2003) (unpublished).

The district court placed filing restrictions on Kinnell due to his abusive filings. Kinnell continued to file pleadings with the district court without abiding by the restrictions, prompting the court to strike the pleadings. He seeks to appeal from that order.

Circuit courts generally have jurisdiction only over "final decisions of the district courts." 28 U.S.C. § 1291; cf. *id.* § 1292 (describing circuit courts' jurisdiction over

interlocutory decisions). The order Kinnell now challenges is neither a final order nor a qualifying interlocutory order and we therefore lack jurisdiction to issue a COA.

Moreover, in *Kinnell v. Graves*, 265 F.3d 1125 (10th Cir.2001),[1] due to Kinnell's repeated abuse of the court system by filing frivolous claims, motions and appeals, we prohibited Kinnell from filing *any* appeal in this Court unless he takes the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se proceeding;

2. Include in the petition the following information:

  a. A list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this court by Kinnell, with a statement indicating the current status of disposition of each proceeding;

  b. A list apprising this court of all outstanding injunctions, contempt orders, or other judicial directions limiting his access to state or federal court, including orders and injunctions requiring him to be represented by an attorney; said list to include the name, number and citation, if applicable, of all such orders and injunctions;

3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a particularized description of the order or ruling being challenged and a short statement of the legal basis asserted for the challenge. The affidavit must also certify, to the best of his knowledge, that the legal arguments advanced are not frivolous or made in bad faith; that

they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the appeal or other proceeding is not interposed for any improper purpose; and that he will comply with all federal appellate rules and local rules of this court.

These documents shall be submitted to the clerk of this court, who shall forward them to the chief judge for review to determine whether to permit the pro se appeal or other proceeding. Without the chief judge's approval, the matter will not proceed. If the chief judge approves the submission, an order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules. Only at that juncture will the appeal or other proceeding formally be filed in this court.

*Id.* at 1129.

Kinnell has failed to comply with any part of this Court's order. If this court had jurisdiction we would refuse to consider an appeal presented in disregard of filing restriction. We **DISMISS** Kinnell's appeal for lack of jurisdiction.

On August 25, 2008, the district court denied Kinnell's request to proceed ifp certifying "this appeal is not taken in good faith and [Kinnell] has repeatedly submitted abusive post-judgment filings in this action." (R. Doc. 84); 28 U.S.C. § 1915(a)(3). We agree Kinnell has filed an "action or appeal [that] (i) is frivolous or malicious; . . ." *See* 28 U.S.C. § 1915(e)(2)(B). We **DENY** his request to proceed ifp. Kinnell must pay the full $455.00 filing fee. Kinnell and/or his custodian are required to forward payments

---

1. Although this case was brought under 42 U.S.C. § 1983, our order did not limit its applicability to cases asserted under § 1983. It applies to any type of appeal.

from his account to the Clerk of the United States District Court for the District of Kansas until the filing fee is paid in full. *See Kinnell,* 265 F.3d at 1129 (dismissal of appeal does not relieve a party from the responsibility to pay the appellate filing fee). He shall be given credit for any payments previously made in this case. The Kansas Attorney General is directed to serve a copy of this order forthwith on Kinnell's custodian.

Kinnell's Motion to Present Relevant Evidence is **DENIED** as moot.