**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARTHUR PRICE,

        Plaintiff-Appellant,

    v.

EXECUTIVE DIRECTOR OF THE
COLORADO DEPARTMENT OF
CORRECTIONS, and WARDEN OF
THE BUENA VISTA
CORRECTIONAL COMPLEX,

        Defendants-Appellees.

No. 10-1336

(D. of Colo.)

(D.C. No. 10-cv-715-ZLW)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Arthur Price, a Colorado state prisoner proceeding pro se, appeals the

district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. Having

jurisdiction under 28 U.S.C. § 1291, we AFFIRM the district court's decision.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

In his complaint, Price asserted he was denied due process and equal protection at both a prison disciplinary hearing and an administrative segregation hearing. He also contended the conditions of confinement in administrative segregation subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Price named the executive director of the Colorado Department of Corrections and the prison warden of the Buena Vista Correctional Complex as defendants.

The magistrate judge instructed Price to file an amended complaint clarifying the nature of his claims and alleging specific facts demonstrating that each defendant personally participated in the deprivation of a federal right. The magistrate judge explained that supervisory officials are not liable under § 1983 solely because their employees inflict injury on a plaintiff, *see Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008), and that to state a claim Price must show an "affirmative link [] between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise," *Butler v. Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

In response, Price filed an amended complaint alleging the warden "was aware of plaintiff being set up by staff [] and condoned it." R. at 14.

Finding the claims legally frivolous, the district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). The court noted Price made no allegations connecting the executive director to his due process, equal protection, or Eighth Amendment claims. The court also held that Price's "vague and conclusory allegation that individuals not named as Defendants acted with the support of the warden of the Buena Vista facility are not sufficient to demonstrate that the warden personally participated in the asserted constitutional violations." R. at 23–24. In a subsequent order, the district court denied Price's motion to appeal *in forma pauperis*.

Price appeals the district court's dismissal of his complaint and renews his motion to continue *in forma pauperis*.

## II. Discussion

Price proceeded *in forma pauperis* below, and is thus subject to the strictures of § 1915. Under § 1915(e)(2)(B)(I), the district court must dismiss an *in forma pauperis* complaint if it is "frivolous or malicious." A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Dismissal is only appropriate where a claim is "based on an indisputably meritless legal theory" *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (quotations omitted).

We review a district court's dismissal for frivolousness for abuse of discretion. *Id.* Because Price is a pro se litigant, we construe his pleadings and

other papers generously. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

After careful review of the record, we conclude the district court did not abuse its discretion in dismissing Price's complaint as frivolous. As the district court noted, Price failed to explain how the named defendants were personally involved in the violation of his constitutional rights, despite having been advised that he would need to do so. His single attempt to link the warden to his claims of due process and equal protection violations in his prison hearings is a conclusory statement (that the warden condoned the mistreatment) unsupported by underlying facts, and is therefore insufficient. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[T]he court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."); *see also Abbott v. McCotter*, 13 F.3d 1439, 1441 (10th Cir. 1994) (upholding dismissal of conclusory equal protection claim for frivolousness).

### III. Conclusion

For the foregoing reasons we AFFIRM the dismissal of Price's § 1983 claims. We also DENY Price's motion to proceed *in forma pauperis* on appeal and order him to pay the full amount of the filing fee. We remind him of his

obligation to pay the filing fee even on an appeal that has been dismissed.  *See*

*Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

Entered for the Court

Timothy M. Tymkovich
Circuit Judge
