FILED
United States Court of Appeals
Tenth Circuit

January 12, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD LEE MARTINEZ,

        Petitioner-Appellant,

v.

KEVIN MILYARD, Warden of the
Sterling Correctional Facility,

        Respondent-Appellee.

No. 10-1447
(D.C. No. 1:10-CV-01627-ZLW)
(D. of Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, BRORBY**, and **TYMKOVICH**, Circuit Judges.[**]

Richard Martinez, a Colorado state prisoner proceeding pro se, appeals the

district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. Having

jurisdiction under 28 U.S.C. § 1291, we AFFIRM the district court's decision.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

In his amended complaint, Martinez asserted the conditions of confinement in administrative segregation and the confiscation of items of his personal property subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Martinez named the prison warden Kevin Milyard as a defendant.

Finding the claims legally frivolous, the district court dismissed the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court held Martinez's allegations failed to demonstrate (1) an injury sufficiently serious to support a cognizable claim under the Eighth Amendment or (2) that Milyard acted with deliberate indifference in executing prison procedures. In a subsequent order, the district court denied Martinez's motion to appeal *in forma pauperis*.

Martinez appeals the district court's dismissal of his amended complaint and renews his motion to continue *in forma pauperis*. For the first time on appeal, Martinez asserts his placement in administrative segregation violated his due process rights under the Fourteenth Amendment.[1]

---

[1] In his brief, Martinez presents this claim as a "Due Process: *Fourth* Amendment right violation." Aplt.'s Br. at 3 (emphasis added). However, because Martinez proceeds pro se, we construe his pleadings liberally and consider his claim to be a due process violation under the Fourteenth Amendment. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

## II. Discussion

Martinez proceeded *in forma pauperis* below and is subject to the strictures of § 1915. Under § 1915(e)(2)(B)(i), the district court shall dismiss an *in forma pauperis* complaint if its claims are "frivolous or malicious." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal is only appropriate "for a claim based on an indisputably meritless legal theory." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (quotations omitted). We review a district court's dismissal on this basis for an abuse of discretion. *Id.*

After careful review of the record, we conclude the district court did not abuse its discretion in dismissing Martinez's complaint as frivolous. To assert a cognizable claim under the Eighth Amendment a plaintiff must demonstrate both that the injury he suffered was sufficiently serious and that the defendant acted with deliberate indifference. *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). As the district court noted, Martinez failed to demonstrate an injury sufficiently serious to constitute cruel and unusual punishment under the Eighth Amendment. Martinez simply made the conclusory statements that the conditions of his administrative segregation and the confiscation of his personal property constitute cruel and unusual punishment. Also, Martinez failed to allege facts indicating Milyard acted with deliberate indifference in executing prison procedures related to Martinez's administrative segregation and the confiscation

-3-

of his personal property.  In fact, nowhere does Martinez allege any specific link between actions taken by Milyard and his claims of cruel and unusual punishment.  Because Martinez failed to allege facts that would support an Eighth Amendment claim the district court properly dismissed his complaint as frivolous.

Martinez did not raise his due process claim before the district court and thus we do not consider it on appeal.  *See Fairchild v. Workman*, 579 F.3d 1134, 1144 (10th Cir. 2009) ("[W]e ordinarily do not decide issues raised for the first time on appeal.").

## III.  Conclusion

For the foregoing reasons we AFFIRM the dismissal of Martinez's § 1983 claims.  We also DENY Martinez's motion to proceed *in forma pauperis* on appeal and order him to pay the full amount of the filing fee.  We remind him of his obligation to pay the filing fee even on an appeal that has been dismissed.  *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge