**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EVERETT BRAKEMAN, a/k/a Everette
Brakeman,

          Petitioner - Appellant,

v.

J. W. WANDS, Warden, FCI-Florence

          Respondent - Appellee.

No. 11-1547
(D.C. No. 1:11-CV-01978-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

     Everett Brakeman appeals from the district court's dismissal of his nominal 28

U.S.C. § 2241 habeas corpus petition, which it properly characterized as a second 28

U.S.C. § 2255 motion. His arguments here, as with those presented to the district court,

are contrived and frivolous.

---

     [*] Oral argument would not materially assist the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

     This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

In 2005, a federal jury convicted Brakeman of two counts of being a felon in possession of firearms and ammunition, *see* 18 U.S.C. § 922(e)(1) and (g)(1); one count of possession with intent to distribute methamphetamine, *see* 21 U.S.C. § 841(a)(1) and (B)(1)(C); and one count of carrying a firearm in relation to a drug-trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(I). He was sentenced to 248 months imprisonment. We affirmed his convictions and sentence on direct appeal. *See United States v. Brakeman*, 475 F.3d 1206, 1214 (10th Cir. 2007).

Brakeman filed a 28 U.S.C. § 2255 motion to vacate his convictions and sentence. He claimed his trial and appellate lawyers had rendered ineffective assistance by failing to object to errors in the presentence report (PSR) regarding his criminal history and his status as a career offender. The district court denied the motion. He did not request a certificate of appealability from this Court. Rather, two years later, he filed a 28 U.S.C. § 2241 petition in which he raised two grounds for habeas relief: the sentencing court wrongly classified him as a career offender, and the Bureau of Prisons (BOP) was unlawfully using a fabricated PSR. Brakeman sought an order directing the BOP to correct the PSR. He also asked the court to vacate his sentence and remand for resentencing.

The district court issued an order to show cause why Brakeman's § 2241 petition should not be dismissed as an unauthorized successive motion under § 2255. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that a § 2241 petition is not an alternative remedy to § 2255 relief). In his response brief, Brakeman insisted the petition arose from the BOP's execution of the sentence rather than the district court's

imposition of it. The essence of the challenge, he asserted, was that the BOP was using the flawed PSR in determining his rights and privileges as an inmate. He asserted the BOP relied on the PSR to make "adverse determinations regarding custody and security, job opportunities and denial of other rehabilitative programs that is adverse to the Applicant." (R. 53).

Several months later, following briefing on the issue of administrative exhaustion, the district court denied the § 2241 petition because Brakeman had an adequate remedy to challenge his criminal judgment under § 2255. "Mr. Brakemen clearly attempts to make an end run around the gate-keeping requirements of § 2255 by characterizing his claim as a challenge to his presentence report," the Court said. (R. at 87). Brakemen was required to request permission to file a successive § 2255 motion, a necessary step he has omitted.

The district court was correct: this is as an unauthorized second § 2255 motion masquerading as a § 2241 petition. Brakeman's arguments concerning the propriety of his sentencing, which dominate the petition, are § 2255 matters, and he admits that sentencing errors form the "crux" of his challenge. (R. at 33). Although the complaint includes allegations about the BOP's use of the PSR during Brakeman's incarceration, the allegations are conclusory and appear to have been contrived to wedge the complaint into a category in which it does not belong.

We AFFIRM the dismissal of Brakeman's § 2241 petition. The district court denied Brakeman's request to proceed on appeal without prepayment of fees because his appeal was not taken in good faith. He has reapplied here. To qualify, he "must show a financial inability to pay the required filing fees and the existence of a reasoned,

nonfrivolous argument on the law and facts in support of the issues raised on appeal."

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Brakeman has failed to

present nonfrivolous arguments. We DENY his request. He must pay the filing and

docket fees in full to the clerk of the district court. *See Kinnell v. Graves*, 265 F.3d 1125,

1129 (10th Cir. 2001).

                          **Entered by the Court:**

                          **Terrence L. O'Brien**
                          United States Circuit Judge