**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DAWAUNE ELLIS, II,

    Plaintiff - Appellant,

v.

ELIAS DIGGINS; DENVER HEALTH
MEDICAL CENTER; JANE DOE
NURSES 1-14,

    Defendants - Appellees.

No. 24-1204
(D.C. No. 1:24-CV-00515-SBP-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.[**]

_____

Dawaune Ellis seeks permission to proceed on appeal in forma pauperis so he

can appeal from an order of the district court dismissing his civil rights complaint

without prejudice. Because Ellis has not demonstrated "the existence of a reasoned,

nonfrivolous argument on the law and facts in support of the issue[] raised on

appeal," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), this court

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

**denies** his request to proceed in forma pauperis and **dismisses** this appeal. 28 U.S.C. § 1915(e)(2)(B)(i).

Ellis is a resident of the Colorado Mental Health Institute at Pueblo in Pueblo, Colorado. He initiated this action on February 22, 2024, by submitting to the district court pro se a civil rights complaint and a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The district court issued an order directing Ellis to cure deficiencies. The order directed Ellis to file the request to proceed in forma pauperis on the court-approved form and to include a certified copy of his inmate trust fund account statement. The district court gave Ellis thirty days to comply and warned that failure to cure the defects would result in the dismissal of his action without further notice. When Ellis failed to correct the identified deficiencies, the district court dismissed the action without prejudice.

This court reviews a dismissal under Federal Rule of Civil Procedure 41(b) for abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Rule 41(b) allows for the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." "We have identified a non-exhaustive list of factors that a district court ordinarily should consider in determining whether to dismiss an action with prejudice under Rule 41(b)." *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). "By contrast, a district court need not follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." *Id.* at 1143 n.10 (quotation omitted).

2

It cannot be reasonably argued that the district court abused its discretion in dismissing Ellis's action without prejudice. As the district court noted in denying Ellis's post-judgment motions, Ellis never offered any excuse for his failure to file a revised in-forma-pauperis motion on the court-approved form. Likewise, in his brief on appeal, Ellis fails to address this deficiency. Instead, he focuses exclusively on his provision of a certified copy of his inmate trust account. That is, Ellis's brief fails to address a critical aspect of the district court's dismissal order, rendering his appeal frivolous.

Ellis's motion to proceed on appeal is **DENIED** and this appeal is **DISMISSED**. This court's dismissal of Ellis's appeal does not relieve him of his obligation to pay the appellate filing fee in full. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

Entered for the Court


Michael R. Murphy
Circuit Judge

3