**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 15, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

---

ANDREW KELLER,

    Plaintiff - Appellant,

v.

DON BAUER; KATE ACORD; JOHN
MCCLOUD,

    Defendants - Appellees.

No. 25-8022
(D.C. No. 1:25-CV-00077-SWS)
(D. Wyo.)

---

**ORDER AND JUDGMENT\***

---

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Andrew Keller, a Wyoming inmate proceeding pro se,[1] appeals the district court's dismissal of his complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). We have jurisdiction under 28 U.S.C. § 1291.

In March 2025, Keller filed a complaint under 42 U.S.C. § 1983 against two police officers and one criminal investigator alleging civil rights violations related to his state court conviction. Because Keller is a state inmate seeking to proceed in forma pauperis, the district court screened his complaint under 28 U.S.C. § 1915A and concluded that Keller's federal claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Because the district court dismissed his federal claims, it also dismissed his state claims. The district court further imposed a strike under 28 U.S.C. § 1915(g).

On appeal, Keller fails to properly address the district court's grounds for dismissal, waiving any argument for reversal. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (An appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d

---

[1] Given his pro se status, we construe his filings liberally. *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

836, 840 (10th Cir. 2005) ("[T]he inadequacies of Plaintiff's briefs disentitle him to review by this court.").

We dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and deny Keller's motion to proceed in forma pauperis. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We also impose a "strike" under 28 U.S.C. § 1915(g). *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). We remind Keller that dismissal of his appeal does not relieve him of his responsibility to pay the appellate filing fee in full. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

Entered for the Court


Richard E.N. Federico
Circuit Judge

3