FILED
United States Court of Appeals
Tenth Circuit

September 18, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RONALD WEST,

    Plaintiff - Appellant,

v.

UNITED STATES; MARY A. NOLAND;
(FNU) HODSON,

    Defendants - Appellees.

No. 25-3082
(D.C. No. 5:24-CV-03233-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Ronald West, a federal prisoner proceeding *in forma pauperis* (IFP), brought a

pro se civil rights action against the United States and Bureau of Prisons staff.  He

alleged that he was negligently served pork during Ramadan while housed in a federal

correctional institution, and that he was placed on administrative segregation in

retaliation for his religious beliefs.  The district court directed West to show cause as to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* FED. R. APP. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
FED. R. APP. P. 32.1 and 10th Cir. R. 32.1.

why his complaint should not be dismissed for inadequate pleading. Reviewing West's response, the court held that he failed to state a claim and dismissed the case. It also denied West's two post-judgment motions seeking relief. West appeals the court's dismissal of the civil action, as well as denial of his post-judgment motions.

Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**. West has not satisfied the necessary pleading standards.

## I.    Background

### A.    *Factual Background*

West is currently incarcerated in FCI-Hazelton in West Virginia. His allegations stem from events that took place while he was incarcerated at FCI-Leavenworth in Kansas.

West asserts that Mary A. Noland, the Bureau of Prisons' regional counsel, "denied [his] tort claim" despite supporting evidence that she was negligent in serving pork during Ramadan. West pointed to several witnesses, including "Spears and Gomaz," "the two C/Os as [his] supervisor and Ms. Mack, on the ZIP exeptem [sic] in the SENTRY." R. 16. A label from a package of chicken bratwurst that shows the ingredients include "stuffed in a natural pork casing" was attached to his complaint. R. 20.

West also maintains that he was placed on "administrative segregation in retaliation for his religious beliefs because there was no evidence supporting the incident report to place [him] in segregation." R. 15. He adds that "Mr. Allen" restricted him from being present during an inventory process from the SHU in

violation of BOP policy. R. 17. West alleges that his wedding and family photos were demolished as a result.

Based on the above events, West filed a complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1331 against the United States and Mary A. Noland.[1] He seeks compensatory damages: "$600.00 for the ZP except and $2.500. [sic] for the personal property that was demolish [sic] and $2.500 violating [his] religio[us] beliefs." R. 19. West subsequently filed two motions requesting the court "to consider on the above case" and "the complaint." There, he described that he had been attempting to settle claims with Noland for over a year and that "BOP Staff" were negligent in handling his family photos during his transfer to FCI-Hazelton. West requested that his claims be considered under the Federal Tort Claims Act and to have Noland settle the above claims with him.

### B.    *Procedural Background*

Pursuant to 28 U.S.C. § 1915A(a), the court screened West's complaint and identified several deficiencies. In a detailed order, the court directed West to show cause as to why his complaint should not be dismissed for reasons including that:

- West's § 1983 claim did not specify that any defendant acted under color of state law;

- West did not demonstrate that a *Bivens* remedy is available for his claims;

- West did not identify how the allegations establish a constitutional violation;

---

[1] West initially included FCI-Leavenworth "Warden Hodson" as a defendant in his complaint, but dropped him when West resubmitted his complaint on the court-approved form the next month.

3

- West's request for compensatory damages is barred by 42 U.S.C. § 1997e(e) absent a physical injury; and

- West did not provide any specific facts explaining how his administrative segregation was but for a retaliatory motive, or name any individuals who allegedly retaliated against him.

West responded, but failed to address the court's noted defects. Rather, West rehashed many of the same arguments he had previously raised. The court therefore dismissed the case for failure to state a claim.

West later filed two post-judgment motions, which the court construed as a Rule 59(e) motion and a Rule 60(b) motion. Both were denied. The court determined that nothing in West's motions warranted reconsideration of the dismissal or relief from final judgment. Again, the court held that West's arguments were repetitive and failed to address the deficiencies listed in the court's previous order to show cause.

He now appeals the dismissal and the denial of his two post-judgment motions. In appealing, West filed two separate briefs on July 18, 2025 and July 21, 2025, as well as a brief amendment on July 21, 2025.

## II.    Discussion

We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 806 (10th Cir. 1999). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot

4

prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation omitted). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (citation omitted). In other words, we apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

We construe a pro se litigant's complaint liberally, but that principle is not without limits. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citation omitted). "[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted). In particular, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The complaint's "factual allegations must

5

be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

West's appeal does not reveal specific errors in the district court's orders. His appellate brief is largely a restatement of allegations already made to the district court. And like the district court, we conclude that these arguments cannot support a claim for relief, even when liberally construed.

To name but a few deficiencies, West has not specified how any defendant acted under color of state law (the defendants are all federal employees or entities), and any request for compensatory damages is barred by 42 U.S.C. § 1997e(e) absent a physical injury. Nor has West provided any specific facts explaining how his administrative segregation was retaliatory, nor named any individuals who allegedly retaliated against him. Although he refers to the Federal Tort Claims Act, his arguments consistently reflect not an FTCA claim but a claim under § 1983. *See* App. Br. 4. And even though one of West's primary complaints on appeal is that the district court did not hear from his witnesses, the deficient allegations show that, even if witnesses testified exactly as West said they would, he would not make out an actionable legal claim.

West also requests that we "remand [the] case to the lower court to have the BOP settle the complaint under FICA or hold a hearing on the allegation before the court with witness[es] present." Aplt. Br. 6. He "ask[s] the court to remand back to [sic] for the regional counsel to withdraw the funds from the institution were [sic] the

incident occurred . . . ." *Id.* at 6–7.  But even if his complaint were meritorious, a court cannot order a party to settle a case.  That decision is up to the parties.

### III.  Conclusion

For these reasons, we affirm the district court's dismissal.  We grant West's motion to proceed IFP on appeal with this court.  We also remind West that he is obligated to make partial payments until his entire fee has been paid.  *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2011).

Entered for the Court


Timothy M. Tymkovich
Circuit Judge