**UNITED STATES COURT OF APPEALS**

February 16, 2011

**TENTH CIRCUIT**

NIGEL J. SCOTT,

      Petitioner - Appellant,

v.

GREG PROVINCE, Warden,

      Respondent - Appellee.

No. 10-6176
(W.D. Okla.)
(D.C. No. 5:10-CV-00178-D)

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*,
DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

Before **BRISCOE**, Chief Circuit Judge, **TACHA** and **O'BRIEN**, Circuit Judges.

Nigel Scott proceeding pro se,[1] seeks to appeal from the denial of his 28 U.S.C. §

2254 petition for writ of habeas corpus. Scott was convicted of receiving a stolen credit

card and received a ten-year suspended sentence on April 11, 2007. On March 13, 2008,

his probation was revoked based on the commission of two crimes – selling cocaine to

confidential informants in December 2007 and January 2008. The OCCA affirmed the

revocation of his suspended sentence. He sought habeas relief claiming insufficient

---

[1]We liberally construe Scott's pro se filings. *See Ledbetter v. City of Topeka,
Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

evidence supported the revocation. The district court, adopting the magistrate judge's report and recommendation, determined the OCCA's conclusion was not contrary to or an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d). It denied Scott's combined request for a certificate of appealability (COA) and to proceed *in forma pauperis* (*ifp*) on appeal.[2] *See* 28 U.S.C. § 2253(c)(2). Scott renews these requests with this Court. Because Scott has not made the required showing for a COA to issue, his application for a COA and request to proceed *ifp* are denied and this matter is dismissed.

## I. CERTIFICATE OF APPEALABILITY

Scott must obtain a COA in order to appeal a district court's denial of his § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on the merits, a COA may issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In response to Scott's allegation the evidence was insufficient to revoke his parole, we recount the evidence against Scott from his probation revocation hearing as reiterated by the magistrate judge in his report and recommendation:

---

[2] Although the district court denied the motion to proceed *ifp* because Scott had not submitted his financial information, the district court also held that, even if he had, the motion to proceed *ifp* on appeal must be denied because the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(1) and (a)(3).

[The federal agent] testified that confidential informants twice purchased crack cocaine from [Scott]. Prior to both purchases, [the federal agent] and other officers met with the confidential informants, searched them and their vehicle for United State[s] currency and controlled substances, issued them a predetermined sum of United State[s] currency, and outfitted them with an audio/video device. [The federal agent] testified that he searched the confidential informants while another officer searched the vehicle and no controlled substances were discovered during either search. After these preliminaries were completed, the confidential informants obtained crack cocaine from [Scott] while [the federal agent] monitored the transaction using the audio/video device and visual contact when possible. The confidential informants and their vehicle were then searched, and crack cocaine was seized. Mr. Scott testified that while he did not observe the "actual hand to hand" exchange, subsequent review of the audio/video evidence, especially Petitioner's statements during the transaction, led him to believe based on his training and experience that the confidential informants obtained the crack cocaine from [Scott].

(R. Vol. 1 at 90). Reasonable jurists would not debate the sufficiency of the evidence to revoke Scott's parole.

## II. IN FORMA PAUPERIS

To proceed *ifp* on appeal, Scott "must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). An appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." *Anders v. California*, 386 U.S. 738, 744 (1967). We have reviewed Scott's motion to proceed *ifp* and solicitously construed his briefs in light of the district court record. His arguments are contrary to settled law and he makes no reasoned argument for modification of that law. In short, he has not presented reasoned, non-frivolous arguments in support of the issues raised on appeal.

- 3 -

Scott's application for a COA and his motion to proceed *ifp* on appeal are

**DENIED**.  He is reminded he must pay the filing and docket fees in full to the clerk of

the district court.  *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge