**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALBERT PETER GRENIER,

     Petitioner - Appellant,

v.

STEVEN HARTLEY, Warden; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

     Respondents - Appellees.

No. 11-1059
(D.C. No. 1:10-CV-02926-ZLW)
(D. Colo.)

---

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS,
REQUEST FOR CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

     Albert Peter Grenier, proceeding pro se,[1] seeks to appeal from the district court's

dismissal of his 28 U.S.C. § 2254 habeas petition. It also denied his request for a

certificate of appealability (COA) and motion to proceed *in forma pauperis* (*ifp*) on

appeal. *See* 28 U.S.C. § 2253(c)(2); 28 U.S.C. § 1915(a). Grenier has renewed with this

court both his request for a COA and for leave to proceed *ifp*; we deny both.

     Grenier is a prisoner in the custody of the Colorado Department of Corrections.

---

[1] We liberally construe his pro se filings. *See Ledbetter v. City of Topeka, Kan.*,
318 F.3d 1183, 1187 (10th Cir. 2003).

He was convicted by a jury in Arapahoe County District Court of first-degree murder and abuse of a corpse and sentenced to life imprisonment. The Colorado Court of Appeals affirmed the conviction and the Colorado Supreme Court denied certiorari review. He filed no post-conviction motions in state court.

On October 30, 2009, Grenier filed a 28 U.S.C. § 2254 habeas petition asserting three claims:

> (1) . . . he was entitled to immunity from prosecution under Colorado's "Make My Day" law, Colo. Rev. Stat. § 18-1-704.5, as there was evidence the victim entered his motel room unlawfully and he was acting in self-defense; (2) . . . the original tape recording of his confession was lost and the copy used at pretrial hearings and at trial was altered by the prosecution[]; and (3) . . . the toxicology report of the victim would have shown that he acted in self-defense.

*Grenier v. Hartley*, No. 09-CV-02553-BNB (D. Colo. Dec. 17, 2009).

Greiner failed to raise any of those claims as a federal constitutional claim in the state court. Accordingly, the district court concluded they were unexhausted and he no longer had an adequate an effective state remedy available because he was procedurally barred from raising them. Additionally, the court determined that he failed to demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse his default. It denied the habeas petition and dismissed the action. He appealed, but we dismissed the appeal for failure to prosecute. *See Grenier v. Hartley,* No. 10-1093 (10th Cir. April 26, 2010). That ended his first habeas odyssey.

On December 30, 2010, Grenier filed a second §2254 habeas petition claiming:

1.      the trial court erred in finding that his confession was voluntary, not coerced;

2. the limiting instruction concerning his sanity failed to cure faulty legal instructions and violated his privilege against self-incrimination; and

3. the trial court's erroneous interpretation of Colo. Rev. Stat. § 16-8-107(1)(a) concerning evidence acquired from a court-ordered examination permitted the jury to consider his examination statements and, thus, denied him an instruction on his right to use deadly force against an intruder in self-defense under the "Make My Day" law, Colo. Rev. Stat. § 18-1-704.5.

(R. Vol. 1 at 34.) The district court concluded these new claims (unlike the original habeas claims) were exhausted in the state courts. However, since he had not obtained authorization for a second or successive habeas petition, it considered whether to dismiss the petition or transfer the matter to this Court pursuant to 28 U.S. C. § 1631. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Following the factors laid out in *Cline*, the district court wrote:

> Mr. Grenier's claims in the instant action are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to 28 U.S.C. §2244(b)(2). Instead, Mr. Grenier appears to be trying to raise claims he exhausted in the state courts but failed to raise in his prior habeas corpus application. Therefore, the claims do not appear to have been filed in this Court in good faith. It also was clear when this action was filed that the Court lacked jurisdiction over Mr. Grenier's claims challenging the validity of his conviction in No. 98CR1850. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

(*Id.* at 36.) In his wholly conclusory brief and application for COA, Grenier has presented nothing to suggest the district court erred. We will not consider his petition for a COA as a request to file a second or supplemental habeas petition. Were we to do so we would deny the request.

To proceed *ifp* on appeal, Grenier "must show a financial inability to pay the

- 3 -

required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). We have reviewed Grenier's motion to proceed *ifp* and solicitously construed his briefs in light of the district court record. An argument, like a complaint, "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). He has presented no reasoned, non-frivolous argument in support of the issues he wants to raise on appeal.

Grenier's application for a COA and his motion to proceed *ifp* on appeal are **DENIED**. He must pay the filing and docket fees in full to the clerk of the district court. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

**Entered by the Court**

**Terrence L. O'Brien**
United States Circuit Judge