**UNITED STATES COURT OF APPEALS**

March 31, 2011

**TENTH CIRCUIT**

STANIMIR GEORGIEV PAVLOV, a/k/a
Atanas Velichkov Yordanvo,

    Petitioner - Appellant,

v.

WARDEN SMELZER, [sic]; JOHN W.
SUTHERS, Attorney General of the State
of Colorado,

    Respondents - Appellees.

No. 11-1040
(D. Colo.)
(D.C. No. 10-CV-01282-ZLW)

**ORDER DENYING MOTION FOR LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*,
DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Stanimer Pavlov filed a pro se[1] 28 U.S.C. §2254 habeas petition.  The District

Court dismissed it as "barred by the one year limitation period in 28 U.S.C. §2244(d),"

explaining why.  It also prospectively decided that no Certificate of Appealability (COA)

would issue because Pavlov "has not made a substantial showing of the denial of a

constitutional right."  (R. Doc. 23 at 8.); *See* 28 U.S.C. § 2253(c)(2).  Pavlov then filed a

---

[1] We liberally construe his pro se filings.  *See Ledbetter v. City of Topeka, Kan.*,
318 F.3d 1183, 1187 (10th Cir. 2003).

Notice of Appeal with the district court.

Later, in this Court, he filed several documents: a "Statement" on February 28, 2011, which we construed as a motion for issuance a COA; on March 9, 2011, a two-page "Combined Opening Brief and Application for Certificate of Appealability," which we construed as a supplement to his "Statement," and on March 10, 2011, a Brief and Application for COA.

The parties are familiar with the facts so they will not be repeated here. We have reviewed Pavlov's proposed opening brief and application for a COA in light of the district court's decision. A COA may be issued only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We are confident jurists of reason would not find the district court's analysis debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000).

The district court also denied Pavlov's request to appeal *in forma pauperis* (*ifp*), concluding it was "not taken in good faith." (R. Doc. 30.); *see* 28 U.S.C. § 1915(a). He renews his *ifp* request here. To proceed *ifp* on appeal, he "must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). We have solicitously reviewed his filings. He has utterly failed to pass the threshold. An appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." *Anders v. California*, 386 U.S. 738, 744 (1967). Pavlov's arguments are either irrelevant or contrary to settled law; and he makes no reasoned argument for modification of that law.

Pavlov's application for a COA and his motion to proceed *ifp* on appeal are

**DENIED**.  He must pay the filing and docket fees in full to the clerk of the district court.

*See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).


                      **Entered by the Court:**

                      **Terrence L. O'Brien**
                      United States Circuit Judge