**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEREMY PINSON,

     Plaintiff-Appellant,

v.

ROBERT PACHECO; SARA
REVELL; MERRY WILNER;
DELBERT SAUERS; HARLEY
LAPPIN; MICHAEL NALLEY,

     Defendants-Appellees.

No. 10-1360
(D.C. No. 10-CV-01377-REB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Plaintiff-Appellant Jeremy Pinson, currently incarcerated and appearing pro

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

se, appeals the denial of his motion for a preliminary injunction. Pinson filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that federal prison officials were deliberately indifferent to his safety, in violation of the Eighth Amendment to the United States Constitution. This action is still pending before the district court. In his Bivens action, he sought compensatory and punitive damages for past attacks on him by other prison inmates, and requested an injunction preventing defendants from housing him with inmates who pose a danger to his safety. Shortly after he filed his complaint, Pinson filed an Emergency Motion for a Preliminary Injunction. The district court denied the motion because the alleged harm was speculative. Only the denial of the preliminary injunction is at issue in this appeal. Notice of Appeal filed August 12, 2010, ROA at 52. Exercising jurisdiction under 28 U.S.C. § 1292(a), we affirm.[1]

## I.

Pinson provides the following history of his incarceration. Prior to May 2006, he was incarcerated with the Oklahoma Department of Corrections. Pinson alleges he was a member of the Sureno gang and was involved in a prison riot during which another inmate was murdered, but he "subsequently cooperated with

---

[1] Despite being advised to do so, Pinson has not attempted to satisfy the requirements of Fed. R. App. P. 8. Therefore, to the extent that Pinson seeks injunctive relief directly from this court, his request is denied.

2

law enforcement concerning the murder and dropped out of his gang." Aplt. Br. at 4. In May 2007, he began serving a 252-month federal sentence at the federal correctional institution in Beaumont, Texas. At some point he was transferred to the federal correctional institution in Florence, Colorado. In December 2007, he was "attacked and beaten unconscious by another inmate who learned of [his] ex-gang status and past cooperation with authorities." Id. at 4. Pinson was then transferred to the federal correctional institution in Victorville, California. He was attacked by another inmate in the Victorville prison in March and again in April, 2008. He was subsequently transferred to the federal correctional institution in Talladega, Alabama, where he is currently incarcerated.

Pinson filed a motion for a preliminary injunction, seeking an order "enjoining defendants . . . from housing [him] in the same institution with inmates or prison gangs who pose a known, specific risk of harm toward [him] and ordering defendants to consider housing [him] in a low security or medium security institution to determine if such would facilitate [his] safety needs." Emergency Mot. for a Prelim. Inj., ROA at 15-16. The district court denied the motion, stating:

> Mr. Pinson fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Although Mr. Pinson asserts in his Complaint that he was attacked on December 12, 2007 while he was housed at the federal prison in Florence, Colorado and again on April 9, 2008 at the federal prison in Victorville, California, he does not assert that he now is in immediate danger of being attacked where he is housed at the federal prison in Talladega, Alabama. Mr. Pinson

3

seeks injunctive relief from being placed in a prison facility where he may be housed with inmates or prison gang members who pose a known, specific risk of harm to him. His claim of future injury is speculative.

Order dated August 3, 2010, ROA at 50.

Pinson filed a notice of appeal on August 12, 2010. Twelve days later, he filed a second motion for a preliminary injunction in the district court, stating that he was "involved in an altercation with another inmate resulting in that inmate's hospitalization on June 25, 2010," and that on August 3, 2010 "another inmate was stabbed to death less than 20 feet from [Pinson's] cell." Renewed Emergency Mot. for Subpoena, Hr'g, and Issuance of a Prelim. Inj. dated August 24, 2010, Dist. Ct. Dkt. No. 32, at 2.[2] Pinson's second motion is currently pending in the district court.

## II.

We review the district court's denial of a preliminary injunction for abuse of discretion. Heideman v. South Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003). "In doing so, we examine the district court's factual findings for clear error and review its legal determinations de novo." Id.

In order to obtain a preliminary injunction, the movant must establish:

(1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is

---

[2] This document is not part of the record on appeal. It is available through the District of Colorado CM/ECF system.

denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001). A preliminary injunction is an extraordinary remedy, and the movant's right to relief must be "clear and unequivocal." SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991).

## III.

Pinson argues that the district court's decision on the merits was in error because he was not required to show irreparable injury and, in the alternative, that he did make such a showing. He also argues that the district court should have held a hearing or issued an order to show cause before denying his motion.

As a preliminary matter, it is necessary to define the factual assertions upon which this court's decision will be based. Pinson appeals only the denial of his first motion for a preliminary injunction. Upon review, we consider only the assertions made prior to and in connection with that motion. Therefore, we do not consider the June and August 2010 incidents at the Talladega prison. These were raised for the first time in Pinson's second motion for a preliminary injunction, and the district court has neither made factual findings regarding these incidents, nor considered whether they establish a right to preliminary injunctive relief. We also do not consider Pinson's assertion that he is currently being housed with inmates from his former gang or inmates who were the subject of his cooperation

with the government, Aplt. Br. at 4, because it was made for the first time on appeal.  See Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir. 1991) ("the general rule [is] that an appellate court will not consider an issue raised for the first time on appeal").

The district court determined that Pinson failed to make the required showing of imminent irreparable injury because the past violent incidents occurred at prisons in which Pinson is no longer incarcerated, and Pinson did not assert that he was in danger at the Talladega prison.  Order dated August 3, 2010, ROA at 50.

Pinson argues that he was not required to make a showing of irreparable injury because he alleged a constitutional violation.  To be entitled to a preliminary injunction, the movant must show that he will suffer irreparable injury if the preliminary injunction is denied.  Kikumura, 242 F.3d at 955. Regardless of the nature of the injury, the party seeking injunctive relief must show that "the injury complained of [is] of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm."  Heideman, 348 F.3d at 1189 (quoting Wisc. Gas. Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985)) (emphasis in original).  We have stated that "[w]hen an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."  Id. at 963 (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d

6

ed. 1995)). However, this statement relates only to the irreparability aspect of the alleged injury, and not to its imminence. We may assume that a constitutional injury is irreparable in the sense that it cannot be adequately redressed by post-trial relief. However, that has no bearing on whether the alleged constitutional injury is imminent. If the possibility of future harm is speculative, the movant has not established that he will suffer "irreparable injury . . . <u>if the preliminary injunction is denied</u> . . . ." <u>Kikumura</u>, 242 F.3d at 955 (emphasis added). Pinson's contention that he need not make a showing of future injury is without merit.

Pinson also argues that he did make a showing of irreparable injury. The district court did not abuse its discretion when it determined that Pinson's allegations did not show that he was in imminent danger at the Talladega prison. The district court could reasonably conclude that the past incidents did not show a likelihood of future harm to Pinson at Talladega because they did not occur at Talladega. Pinson requested an injunction preventing defendants from housing him in the same institution with inmates or prison gangs "who pose a known, specific risk of harm toward Plaintiff," Emergency Mot. for a Prelim. Inj., ROA at 15, but did not allege that he was, in fact, being housed with such inmates. Further, we fail to see how being housed in the same correctional institution (rather than in the same unit or the same cell) as inmates with whom he has some unspecified history would pose an immediate risk of harm to Pinson. While his

7

allegations could be sufficient to state a claim for damages based on past injuries,[3] the district court did not abuse its discretion when it determined that these allegations did not establish that he was in immediate danger of being attacked by another inmate.

Finally, Pinson argues that the district court erred by not holding a hearing or issuing an order to show cause before denying his motion for a preliminary injunction. In making its determination, the district court assumed that Pinson's allegations were true. Therefore, there were no contested facts upon which to hold a hearing, and the district court did not abuse its discretion in failing to hold one. The district court was also not required to notify Pinson, through a show cause order or otherwise, that his allegations were insufficient prior to denying the preliminary injunction. Although pro se filings must be construed liberally, the district court need not assume the role of the pro se litigant's advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

For these reasons, the district court's denial of Pinson's motion for preliminary injunction is affirmed. Pinson's motion to proceed in forma pauperis on appeal (Dkt. No. 9795179) is granted. Pinson's motion to expedite

---

[3] We express no opinion as to the sufficiency of Pinson's claims relating to past injuries.

8

consideration of the appeal (Dkt. No. 9792332) is denied as moot.

Entered for the Court


Mary Beck Briscoe
Chief Judge