**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 26, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEREMY PINSON,

      Plaintiff-Appellant,

v.

ROBERT PACHECO; SARA
REVELL; MERRY WILNER;
DELBERT SAVERS; HARLEY
LAPPIN, MICHAEL NALLEY,

      Defendants-Appellees.

Nos. 10-1553 & 10-1576
(D.C. No. 1:10-CV-01377-REB-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is,

therefore, submitted without oral argument.

Plaintiff-Appellant Jeremy Pinson, a federal prisoner incarcerated at the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Administrative Maximum (ADX) facility in Florence, Colorado appearing pro se, appeals the district court's denials of two motions for a preliminary injunction. Pinson filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that federal prison officials were deliberately indifferent to his safety, in violation of his Eighth Amendment rights. In his complaint, Pinson sought compensatory and punitive damages for past inmate attacks against him and an injunction to prevent defendants from housing him with inmates who pose a danger to him.

Pursuant to the Bivens action, Pinson filed a series of three motions for a preliminary injunction. The district court denied the first of these motions concluding that the harm Pinson alleged was speculative, and this court affirmed the district court's decision. See Pinson v. Pacheco, 397 F. App'x 488 (10th Cir.), cert. denied, 131 S. Ct. 834 (2010). The district court subsequently denied the second and third of these motions. Pinson appealed both denials, and the appeals were consolidated into the present case. Only the denials of the second and third motions are at issue in this case. Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we affirm.

## I. BACKGROUND

While this court has previously outlined Pinson's incarceration history, see Pinson, 397 F. App'x at 490, we provide a summary of the relevant facts herein. Pinson asserts that he was initially incarcerated in a state prison facility. See

2

Aplt. Br. at 6. According to Pinson, he was a member of the Sureno prison gang and was involved in a prison riot during which another inmate was murdered. See id. Pinson asserts that he subsequently cooperated with law enforcement concerning the murder and "dropp[ed] out" of the prison gang. Id. at 6–7.

In May 2007, Pinson began serving a 252-month federal sentence at the federal correctional institution in Beaumont, Texas. See id. According to Pinson, because he was "involved with fights with other inmates," he was transferred to the United States Penitentiary (USP) in Florence, Colorado. Id. Pinson alleges that, in December 2007, he was attacked by his cell-mate at the USP in Florence, causing Pinson to lose consciousness and resulting in serious bodily injury to him. Id. Pinson was then transferred to the federal correctional institution in Victorville, California. Id. According to Pinson, on April 9, 2008, he was attacked by five inmates at the Victorville facility due to his "past cooperation with law enforcement." Id. At some point, Pinson was transferred to the federal correctional facility in Talladega, Alabama. Id.

Pinson filed the Bivens action on June 14, 2010, while he was incarcerated at the Talladega facility. ROA, Vol. 1 at 7–8. In his complaint, Pinson alleged his Eighth Amendment rights were violated due to federal prison officials' deliberate indifference to his safety, pointing to the inmate attacks against him in December 2007 and April 2008. Id. at 9. Pinson named the following individuals as defendants: (1) Robert Pacheco, the case manager at the USP in Florence,

3

Colorado; (2) Sara Revell, the former warden at the USP in Florence, Colorado;

(3) Merry Wilner, Pinson's unit manager at the USP in Florence, Colorado; (4)

Delbert Sauers, the chief of the Bureau of Prisons (BOP) Designation and

Sentence Computation Center; (5) Harley Lappin, the director of the BOP; and (6)

Michael Nalley, the regional director of the BOP.[1]  Id. at 8, 15.

On June 21, 2010, Pinson filed his first motion for a preliminary injunction,

the Emergency Motion For a Preliminary Injunction, seeking an order "enjoining

defendants . . . from housing [him] in the same institution with inmates or prison

gangs who pose a known, specific risk of harm toward [him] and ordering

defendants to consider housing [him] in a low security or medium security

institution to determine if such would facilitate [his] safety needs."  Id. at 19–20.

The district court denied the motion, stating:

> Mr. Pinson fails to allege specific facts that demonstrate he is facing immediate and irreparable injury.  Although Mr. Pinson asserts in his Complaint that he was attacked on December 12, 2007 while he was housed at the federal prison in Florence, Colorado and again on April 9, 2008 at the federal prison in Victorville, California, he does not assert that he now is in immediate danger of being attacked where he is housed at the federal prison in Talladega, Alabama.  Mr. Pinson seeks injunctive relief from being placed in a prison facility where he may be housed with inmates or prison gang members who pose a known, specific risk of harm to him.  His claim of future injury is speculative.

---

[1] According to the appellees' answer brief, defendants Pacheco and Sauers have not been personally served in the Bivens action.  Aple. Br. at 3 n.4; see also Status Report Concerning Service on Defendant Pacheco dated 12/14/2010, Case No. 1:10-CV-01377, Dist. Ct. Dkt. No. 103.

Id. at 56–57. Pinson filed a notice to appeal this decision. Id. at 59.

Shortly after filing his notice of appeal, Pinson filed his second motion for a preliminary injunction, the Renewed Emergency Motion For Subpoena, Hearing, and Issuance of a Preliminary Injunction. Id. at 63. In this motion, Pinson asserted that "he is in imminent danger of irreparable harm," contending that, on June 25, 2010, he "was involved in an altercation with another inmate resulting in that inmates' hospitalization" and that, on August 3, 2010, "another inmate was stabbed to death less than 20 feet from [Pinson's] cell." Id. at 63–64. On this basis, Pinson requested the issuance of a preliminary injunction. Id. at 63.

While the second motion for a preliminary injunction was pending in the district court, this court affirmed the district court's decision denying the first motion. Pinson, 397 F. App'x at 490. We confined our analysis to the two inmate attacks identified in the complaint and declined to consider the subsequent incidents on June 25 and August 3, 2010 that Pinson first raised in his second motion. Id. at 491. Based on the evidence, this court concluded,

> The district court did not abuse its discretion when it determined that Pinson's allegations did not show that he was in immediate danger at the Talladega prison. The district court could reasonably conclude that the past incidents did not show a likelihood of future harm to Pinson at Talladega because they did not occur at Talladega. Pinson requested an injunction preventing defendants from housing him in the same institution with inmates or prison gangs "who pose a known, specific risk of harm toward Plaintiff," but did not allege that he was, in fact, being housed with such inmates. Further, we fail to see how being housed in the same correctional institution (rather than in the same unit or the same cell) as inmates with whom he has some unspecified history would pose an immediate risk of

5

harm to Pinson.

Id. at 492.

With regard to Pinson's second preliminary injunction motion, the matter was referred to a magistrate judge, and the magistrate judge recommended that the district court deny the motion because "plaintiff has not shown in his motion that he will suffer immediate and irreparable harm if the injunction does not issue." ROA, Vol. 1 at 115. The magistrate judge reasoned:

> Once again, plaintiff's claim of future injury is speculative. While plaintiff claims he was involved in an altercation on June 25, plaintiff does not provide any information about that incident, such as whether plaintiff was attacked and whether the other inmate is or was a member of the gang that purportedly poses a threat to him. Moreover, the documentation plaintiff has submitted with his motion further shows that the Bureau of Prisons is taking steps to separate plaintiff from purported threats.

Id. at 113–14. Further, the magistrate judge explained that "plaintiff has not met his heavy burden to show that the injunction is not adverse to the public interest." Id. at 115. Pinson objected to the magistrate judge's findings and recommendations. Id. at 118–24. The district court overruled Pinson's objections, adopted the magistrate judge's recommendation, and denied Pinson's second motion. Id. at 156–58, 217–18. Pinson filed a notice of appeal from this decision. Id. at 243.

Pinson also filed a third preliminary injunction motion, Plaintiff's Third Motion For a Preliminary Injunction/Declaratory Order. Id. at 164. In the third motion, Pinson sought a preliminary injunction "(1) enjoining the Bureau of

6

Prisons from transferring Plaintiff to the Administrative Maximum U.S. Penitentiary at Florence, CO [because, at the time, Pinson's transfer to the ADX facility was pending], (2) from housing Plaintiff in a unit or institution with prison gangs from whom he should remain separate, and (3) to consider placing Plaintiff in the Witness Security Program." Id.

The magistrate judge recommended that the district court deny the motion. Id. at 215. The magistrate judge explained that "plaintiff's claim of future injury is speculative." Id. at 213. The magistrate judge reasoned that the documentation Pinson provided "shows that plaintiff has a history of serious/disruptive infractions." Id. at 214 (internal quotation marks omitted). In fact, based on the evidence Pinson provided regarding the June 25 incident at the Talladega facility identified in the second motion, the magistrate judge noted that Pinson "was the aggressor" against another inmate. Id. at 213. The magistrate judge also reasoned that Pinson "has not presented any evidence that his placement in ADX Florence would present a danger to his safety and security." Id. at 214. Thus, the magistrate judge found that, "[o]nce again, . . . plaintiff has not shown in his motion that he will suffer immediate and irreparable harm if the injunction does not issue." Id. Further, the magistrate judge explained that "plaintiff has not met his heavy burden to show that the injunction is not adverse to the public interest." Id. Pinson filed objections to the magistrate judge's report and recommendation. Id. at 229–232. The district court overruled Pinson's objections, adopted the

7

magistrate judge's recommendation and denied the preliminary injunction. Id. at 259. Pinson filed a notice of appeal from this decision. Id. at 270.

While Pinson's appeals of the denials of his second and third preliminary injunction motions were pending in this court, Pinson was transferred to the ADX facility in Florence, Colorado. See Notice of Change of Address by Plaintiff Jeremy Pinson dated 2/28/2011, Case No. 1:10-CV-01377, Dist. Ct. Dkt. No. 136. Further, the district court granted defendants Lappin's, Nalley's, Revell's and Wilner's motions to dismiss the claims asserted against them in the underlying action, concluding that these claims were barred by the applicable statute of limitations. See Order dated 5/9/2011, Case No. 1:10-CV-01377, Dist. Ct. Dkt. No. 161. The district court then issued an order to show cause why Pinson's remaining claims against defendants Pacheco and Sauers "should not be dismissed for failure to effect timely service or process and/or as barred by limitations." Order to Show Cause dated 5/9/2011, Case No. 1:10-CV-01377, Dist. Ct. Dkt. No. 162.

## II. DISCUSSION

We review the district court's denial of a preliminary injunction for abuse of discretion. Heideman v. S. Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003). "In doing so, we examine the district court's factual findings for clear error and review its legal determinations de novo." Id.

In order to obtain a preliminary injunction, the movant must establish:

8

(1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 1991). "Because a preliminary injunction is an extraordinary remedy," the movant's "right to relief must be clear and unequivocal." Id. (internal quotation marks omitted).

On appeal, Pinson challenges the district court's decisions denying his second and third motions for a preliminary injunction. Pinson argues that, with regard to both motions, the district court erred in determining that he failed to show irreparable harm would result if the preliminary injunction was not granted and that he did not establish that the issuance of a preliminary injunction was not adverse to the public interest. Pinson further contends that the district court erred in failing to hold a hearing or to issue subpoenas prior to denying the motions.

As a preliminary matter, we must consider the relevance of the district court's decision to dismiss Pinson's claims against defendants Lappin, Nalley, Revell and Wilner during the pendency of this appeal. An appeal from an interlocutory order denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the underlying action on the merits. See Colo. v. Idarado Mining Co., 916 F.2d 1486, 1490 n.2 (10th Cir. 1990). When a district court proceeds to adjudicate the merits of the underlying action and enters a final judgment, an appeal from the denial of a preliminary injunction is moot

9

because a preliminary injunction is by its nature a temporary measure intended to furnish provisional protection while awaiting a final judgment on the merits. See United States ex rel. Bergen v. Lawrence, 848 F.2d 1502, 1512 (10th Cir. 1998). However, because the district court's order in this case dismissing the claims against defendants Lappin, Nalley, Revell and Wilner is not a final judgment as it resolves claims against only some of the defendants, Pinson's second and third motions for a preliminary injunction are not moot. See Fed. R. Civ. P. 54(b).

Nonetheless, the district court's order dismissing Pinson's claims against defendants Lappin, Nalley, Revell, and Wilner is relevant to our consideration of the second and third preliminary injunction motions. While we note that the magistrate judge's decisions denying the second and third motions, which the district court adopted, did not address Pinson's likelihood of succeeding on the merits of the underlying action, we conclude that Pinson cannot establish this prong of the preliminary injunction analysis. Because the district court dismissed Pinson's claims against defendants Lappin, Nalley, Revell and Wilner as time-barred,[2] and because his claims against Pacheco and Sauers are identical to the claims the district court dismissed, we conclude that Pinson cannot demonstrate a substantial likelihood of succeeding on the merits of his claims.

---

[2] We express no opinion regarding the district court's decision dismissing Pinson's claims against defendants Lappin, Nalley, Revell and Wilner as time-barred.

10

Beyond Pinson's inability to establish a substantial likelihood to succeed on the merits of the underlying action, the district court did not abuse its discretion in concluding that Pinson did not establish irreparable injury and that he did not show that the issuance of an injunction was not adverse to the public interest. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." Heideman, 348 F.3d at 1189 (internal quotation marks omitted). With regard to the second motion for a preliminary injunction, Pinson asserted that the incidents at the Talladega facility occurring on June 25 and August 3, 2010 demonstrated his imminent danger, necessitating the issuance of a preliminary injunction. ROA, Vol. 1 at 64. However, as the magistrate judge found, and the district court adopted, Pinson provided no details in his second motion as to "whether [he] was attacked [on June 25] and whether the other inmate is or was a member of the gang that purportedly poses a threat to him." Id. at 114. Pinson also failed to allege any facts regarding whether the incident on August 3 involved a member of a prison gang posing a threat to him or whether the incident even related to Pinson. Without these details, Pinson failed to establish that future injury was imminent at the Talladega facility in his second motion. Further, as Pinson is now incarcerated at the ADX facility in Florence, the incidents identified in his second motion as occurring at the Talladega facility are even less indicative of any future threat to Pinson's safety because they did not occur at the ADX facility. The magistrate judge also found, and the district

11

court adopted, that the evidence Pinson provided in support of his second motion documented that the prison officials were responding to his safety concerns. Id. Thus, the district court did not abuse its discretion in determining that Pinson failed to establish irreparable injury in his second motion.

As concerns his third motion, Pinson requested an order enjoining defendants from transferring him to the ADX facility in Florence, enjoining defendants from housing him in a unit with prison gangs, and requesting his placement in the BOP Witness Security Program. As the magistrate judge explained, and the district court adopted, Pinson "provided no new, substantial evidence to support his motion for a preliminary injunction." Id. at 214. Instead, the "documentation presented by plaintiff shows repeated disciplinary violations by plaintiff, not by other inmates, for threatening bodily harm, possessing a dangerous weapon, assault with serious injury, taking a hostage, setting a fire, and disruptive conduct." Id. In fact, the magistrate judge explained that the documentation Pinson provided regarding the June 25 incident at the Talladega facility established that Pinson "was the aggressor" against another inmate. Id. at 213. Further, Pinson did not present "evidence that his placement at ADX Florence would present a danger to his safety and security." Id. at 214.

First, because Pinson was transferred to the ADX facility in Florence during the pendency of this appeal, his request for an order enjoining the transfer is moot. Second, the district court did not err in concluding that Pinson failed to

12

show the existence of an imminent danger to his safety in the third motion. Rather than establishing his danger from other inmate attacks, Pinson's evidence documented his own serious disciplinary issues. Pinson also asserted general allegations regarding the presence of gangs at the Talladega facility and the ADX facility in Florence. However, as we have previously explained, "we fail to see how being housed in the same correctional institution (rather than in the same unit or the same cell) as inmates with whom he has some unspecified history would pose an immediate risk of harm to Pinson." Pinson, 397 F. App'x at 492. Further, as Pinson is now incarcerated at the ADX facility in Florence, the incidents Pinson identified as occurring at Talladega are not indicative of an imminent threat to his safety at the ADX facility because these incidents did not occur at the ADX facility. Thus, we conclude that the district court did not abuse its discretion in determining Pinson failed to show that he was in immediate danger of an attack by another inmate.

The district court did not abuse its discretion in determining Pinson failed to show that the public interest was not adverse to the preliminary injunction. As the magistrate judge noted, and the district court adopted, there is a strong public interest in affording substantial deference to prison officials in managing the daily operations of a prison due to the unique nature, needs and concerns of the prison environment. See Turner v. Safley, 482 U.S. 78, 84–85 (1987). Thus, given the speculative nature of the harm Pinson asserted in the second and third motions, he

failed to show that the public interest was not adverse to the issuance of a preliminary injunction ordering prison officials to change his housing assignment.

We also reject Pinson's arguments concerning the district court's refusal to issue subpoenas or to hold a hearing prior to denying his second and third preliminary injunction motions. When considering the second and third motions for a preliminary injunction, the magistrate judge assumed that Pinson's allegations were true. Thus, because there were no contested facts, the refusal to hold a hearing did not constitute an abuse of discretion. Further, because there was no need for a hearing, there was no need to subpoena witnesses or documents for the hearing. Thus, by adopting the magistrate findings and recommendations, the district court did not abuse its discretion in this regard.

### III. CONCLUSION

We affirm the district court's denial of the second and third preliminary injunction motions.

We grant Pinson's motion for leave to proceed in forma pauperis in appeal number 10-1576. We remind Pinson that he remains responsible to make partial payments for both of the appeals consolidated in this case until all fee obligations are satisfied. See Kinnell v. Graves, 265 F.3d 1125, 1129 (10th Cir. 2001).

Entered for the Court


Mary Beck Briscoe
Chief Judge

14