FILED
United States Court of Appeals
Tenth Circuit

January 3, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID WELLINGTON,

    Plaintiff - Appellant,

v.

FERNANDO DAZA; SPECIAL AGENT
HAND; SPECIAL AGENT MARSHALL,
UNKNOWN AGENT 1; UNKNOWN
AGENT 2; UNKNOWN AGENT 3;
UNKNOWN AGENT 4; UNKNOWN
AGENT 5,

    Defendants - Appellees.

No. 19-2021
(D.C. No. 1:17-CV-00732-JAP-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

David Wellington, appearing pro se, appeals the district court's denial of his

motion for a preliminary injunction. Defendants have filed a motion to dismiss this

appeal as moot. Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we conclude

that the appeal is not moot because the district court has not (contrary to what

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendants assert in their motion to dismiss) entered a final judgment. On the merits we affirm the denial of the preliminary injunction because Mr. Wellington has not explained how the government's retention of various information (all of which Mr. Wellington has in either original or copied form) constitutes a continuing violation of his First Amendment rights.

## I.       BACKGROUND

Mr. Wellington filed a complaint in the United States District Court for the District of New Mexico under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390–97 (1971) (recognizing nonstatutory claims against federal officers for violating the Constitution). He alleged that agents of the United States Internal Revenue Service violated his First and Fourth Amendment rights when they executed a search warrant at his residence to look for "evidence, fruits and instrumentalities" of tax evasion and conspiracy, R. at 29, including materials related to certain limited-liability companies and "associated companies/parties," *id.*, and "[t]ax defier paraphernalia," R. at 30. The agents seized computers and other electronic devices; electronic data; correspondence, tax literature, and other documents; and a safe. The electronic devices were later returned to Mr. Wellington, although copies were allegedly made of the data on them. Mr. Wellington further claimed that the agents photographed his voter registration card, some sort of identification card, and his automobile registration, and that one of the agents took video of the residence's interior. He alleged that neither the photographs nor the video were listed in the warrant inventory.

2

Mr. Wellington named the agents as Defendants in their individual capacities. He asserted Fourth Amendment claims that the warrant was facially invalid and overbroad, the agents' actions in executing it amounted to a general search and seizure because they disregarded any limitations in the warrant, he was subject to an unconstitutional seizure and pat-down search, and the property seized was impermissibly retained. He also asserted that the agents violated his First Amendment rights of free speech, free press, and association when they seized some items based solely on their content and some information about his associates. He sought monetary damages and various declaratory and injunctive relief, including an order directing the return of all items protected by the First Amendment.

Soon after Defendants filed an answer to the complaint, Mr. Wellington filed the motion for a preliminary injunction that is at issue in this appeal. It asked the court to order the return of certain items seized from him, "as well as any electronic forms of publications, and records showing plaintiff's association with others." R. at 255-56. The record on appeal shows (1) that the unreturned items comprised a variety of publications, business documents, and an "Abusive Tax Promotions Disc," R. at 108, but that the government had provided electronic copies of those items to Mr. Wellington some six months before he filed his motion for a preliminary injunction; and (2) that the information in electronic form was information copied from the electronic devices that had been returned to him. Mr. Wellington also asked the court to enjoin Defendants "from any further possession of any photographs and videos that may have been taken." R. at 256. The only such items specifically

3

identified in the motion were a photo of his "voter registration card" and "a video of the interior of the house." R. at 252. Mr. Wellington argued that publications were seized without any pre- or post-seizure hearing to determine if their seizure violated the First Amendment; that the warrant targeted items based on tax-defier content; that the warrant allowed Defendants to determine who was an "associated company/party and for what purpose," and therefore was "not narrowed with scrupulous exactitude," as the First Amendment requires, R. at 251-52 (internal quotation marks omitted); that his First Amendment right to associational privacy was violated by the seizure of family records, information related to companies or parties potentially associated with him, the photograph of his voter registration card, and the video of his home's interior; and that later, and possibly repeated, viewings of the video would violate the Fourth Amendment's prohibition on unreasonable searches and seizures.

The district court denied the motion, concluding that Mr. Wellington had not made the requisite showing of irreparable harm. It explained "that the government's retention of either the originals or copies of seized documents . . . does not constitute an ongoing harm as the government has returned either the original or copies of all seized materials." R. at 373; *see also* Supp. R., Vol. 2 at 7 (order granting Defendants partial summary judgment, stating that government had returned "all items that were seized pursuant to the search warrant either in their physical tangible form or via copy on an electronic disk").

4

## II.    DISCUSSION

### A.    Mootness

Defendants filed a motion to dismiss this appeal as moot.  They pointed out that after Mr. Wellington filed his notice of appeal, the district court granted them partial summary judgment and dismissed with prejudice all of Mr. Wellington's claims implicated in this appeal.  They argue that the dismissal moots this appeal based on the general rule that when a district court "'enters a final judgment, an appeal from the denial of a preliminary injunction is moot because a preliminary injunction is by its nature a temporary measure intended to furnish provisional protection while awaiting a final judgment on the merits.'"  Motion to Dismiss at 8 (quoting *Pinson v. Pacheco*, 424 F. App'x 749, 754 (10th Cir. 2011)).  But by its plain terms, this rule applies only where there is a *final* judgment.  The district court's order granting partial summary judgment concerned only six of the seven claims at issue in the case.  Because the district court did not direct entry of *final* judgment on those six claims under Federal Rule of Civil Procedure 54(b), the district court remains free to revise that order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Defendants have cited no case declaring mootness in this context, nor are we aware of any.  We therefore conclude that this appeal is not moot, and we deny the motion to dismiss.

**B.      Standard of review**

"We review the district court's denial of a preliminary injunction for an abuse of discretion." *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). A district court abuses its discretion if its decision rests on an erroneous legal conclusion or lacks a rational basis in the evidence of record. *Id.* Under the abuse-of-discretion standard, we review "factual findings for clear error and . . . conclusions of law de novo." *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016).

**C.      Legal standards governing preliminary injunctions**

To obtain a preliminary injunction, the moving party must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens*, 839 F.3d at 1281 (internal quotation marks omitted). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Id.* (internal quotation marks omitted). Mr. Wellington contends that the district court erred in characterizing the preliminary injunction he sought as a disfavored mandatory injunction that required him to make a heightened showing of the four injunction factors. *See Att'y Gen. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (explaining that to get a mandatory injunction, a "movant must make a heightened showing" of the four injunction factors). We need not resolve this

6

contention, however, because Mr. Wellington cannot make even the ordinary showing.

### D. Merits

Mr. Wellington's sole argument concerning the merits of the district court's irreparable-harm analysis is that the district court erred in determining that no presumption of irreparable harm arises from an alleged First Amendment violation.[1] He points out that in *Hobby Lobby Stores, Inc. v. Sebelius*, we stated that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." 723 F.3d 1114, 1145 (10th Cir. 2013) (internal quotation marks omitted).

*Hobby Lobby*, however, is readily distinguishable from this case because we determined that the movant's freedom was likely going to be violated. *See id.* at 1128–45. Here, in contrast, Mr. Wellington provides no authority, or even a cogent argument, that his First Amendment rights are violated by the government's possession of documents that he also possesses. Perhaps the original search and seizure violated his First Amendment rights; but no injunction at this time could prevent that violation. The question is whether there is an ongoing violation of his

---

[1] In his opening appellate brief, Mr. Wellington mentions the Fourth Amendment only once, in the last two words of that brief, summarily stating that taking and retaining pictures and videos "would further invade and violate [his] privacy rights under the First and Fourth Amendments." Aplt. Opening Br. at 29. Because he does not make any developed Fourth Amendment argument, we consider only his First Amendment contention. *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived.").

free-speech or free-association rights after the materials (or copies of them) were returned to him.

As for his free-speech rights, Mr. Wellington does not directly address whether there is an *ongoing* violation. His argument is that seizure of the materials was under an overbroad warrant and violates his First Amendment right to privacy in the contents of his home library. He relies on *Stanley v. Georgia*, 394 U.S. 557, 568 (1969), which held "that the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime." As Mr. Wellington notes, *Stanley* also stated: "If the First Amendment means anything, it means that a State has no business telling a man, sitting alone in his own house, what books he may read or what films he may watch." *Id.* at 565. But the government has already returned all seized materials, or copies of them, to Mr. Wellington. The injunctive relief he seeks would in no way increase his ability to read or watch anything. The government's continued possession of seized documents or copies of them does not infringe his First Amendment interests in possessing reading material.

Mr. Wellington also does not directly address whether there is an *ongoing* violation of his First Amendment freedom of association. In arguing that the warrant was overbroad, he cites *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958), for the proposition that requiring a "member to claim [a] right of association would result in the nullification of the right of privacy of association." Aplt. Opening Br. at 17. He also cites *National Commodity & Barter Ass'n v. Archer*, 31 F.3d 1521, 1524–30 (10th Cir. 1994)**,** where we reversed the dismissal of a complaint alleging

8

that government agents had engaged in a lengthy pattern of seizing, among other things, membership lists, literature, and other documents in an attempt to intimidate members and prospective members of two organizations. But he has failed to show any conduct approaching what was alleged in that case. More importantly, what is missing from his presentation is any of the analysis needed to determine whether there is an ongoing violation of freedom of association. This analysis requires focusing on the specifics of this case, to examine the government interest in the information and the burden that disclosure imposes on his interest in association with others. *See, e.g., John Doe No. 1 v. Reed*, 561 U.S. 186, 196–201 (2010). Particularly in light of the law-enforcement context of the seizure of the information, Mr. Wellington's vague and generalized complaints fail to satisfy his burden of showing a likelihood that his First Amendment right to association is being infringed by the government's continued retention of records.

## III. CONCLUSION

The district court's order denying the motion for a preliminary injunction is affirmed. Defendants' Motion to Dismiss Appeal as Moot is denied.

Entered for the Court

Harris L Hartz
Circuit Judge

9