**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DIMITRIC AUSTIN,

              Petitioner - Appellant,

v.

KEVIN MILYARD; JOHN W. SUTHERS,
the Attorney General of the State of
Colorado,

              Respondents – Appellees.

No. 12-1011
(D.C. No. 1:11-CV-00633-RBJ)
(D. Colo.)

**ORDER DENYING LEAVE TO PROCEED**
**ON APPEAL *IN FORMA PAUPERIS*,**
**DENYING CERTIFICATE OF APPEALABILITY,**
**AND DISMISSING APPEAL**

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Dimitric Austin, a Colorado state prisoner proceeding *pro se*,[1] wants to appeal,

without prepayment of fees, from the district court's denial of his 28 U.S.C. § 2254

habeas petition. He alleges ineffectiveness of trial counsel, improper instructions to the

jury, and improper use of previous convictions. The court concluded he did not make "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Because that decision was not even debatably incorrect, we deny his request for a

---

[1] We liberally construe Austin's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Certificate of Appealability (COA).

## I. BACKGROUND

In June 2003, Austin was charged with first-degree assault after an altercation with another prisoner in the Arapahoe County Jail. Following his conviction by a jury, the court held a combined habitual criminal trial and sentencing hearing. It found Austin to be a habitual criminal based on a 1983 conviction in Missouri and two 1980 Ohio convictions and sentenced him to 64 years imprisonment with the Colorado Department of Corrections. In an unpublished decision,[2] the Colorado Court of Appeals (CCA) affirmed Austin's conviction and sentence in spite of concluding the trial court erred in instructing the jury on the provocation exception to the Colorado law of self-defense— the instruction did not amount to plain error. It rejected his remaining issues.

The Colorado Supreme Court denied Austin's petition for review. Austin then filed an application for post-conviction relief alleging numerous claims of ineffective assistance of counsel. His application was denied, and he again appealed. Concluding his ineffective assistance claims did not meet the *Strickland*[3] standard, the CCA affirmed the denial of post-conviction relief on September 16, 2010. Austin's confrontation claim, which was based on the trial court's consideration of affidavits from judges and attorneys

---

[2] Three of the issues raised on appeal were also raised in Austin's appeal of another conviction in *People v. Austin*, No. 04CA0713 (Colo. App. Oct. 27, 2007) (unpublished) (reversing second-degree burglary and misdemeanor theft convictions). There, the court affirmed the use of his prior Missouri conviction for the purpose of finding him a habitual criminal. In the present case, the CCA adopted its previous ruling in upholding the same challenge.

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

involved in his previous convictions, was not raised in post-conviction proceedings at the trial court level. Accordingly, the CCA concluded it was procedurally barred. The CCA also addressed Austin's ineffective assistance claim (failing to challenge all three predicate convictions underpinning the habitual criminal count) and concluded it failed because the underlying issue had no merit.

Following the Colorado Supreme Court's denial of Austin's petition for review, he filed this § 2254 petition. The magistrate judge instructed the State to file a pre-answer response addressing timeliness and exhaustion. As a result, the court determined Austin failed to exhaust one claim and another was denied by the Colorado court on an independent and adequate state procedural ground. Because the Colorado courts would find the unexhausted claim procedurally barred if Austin were to return to state court, and Austin failed to show why his default should be excused, the district court dismissed both claims as procedurally barred.

In a separate order, the court's 28-page analysis carefully considered each remaining claim and concluded the CCA's denial of Austin's claims was not contrary to or an unreasonable application of existing Supreme Court precedent. *See* 28 U.S.C. § 2254(d). It declined to issue a COA because Austin had not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). He filed a notice of appeal, a request for a COA, and a motion to proceed without prepayment of fees, with this Court.

## II.   DISCUSSION

A.      Certificate of Appealability

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).  In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Miller-El*, 537 U.S. at 338.

A state prisoner seeking a federal writ of habeas corpus "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."  *Harrington v. Richter*, 562 U.S. ---, 131 S. Ct. 770, 786-87 (2011); *Bobby v. Dixon*, --- U.S. ---, 132 S. Ct. 26, 27 ( 2011).  Austin failed to make that showing.  In cogent orders the district court thoroughly and correctly addressed and resolved each of the issues raised.  Because no jurist of reason could reasonably debate the correctness of the district court's decision, we DENY Austin's request for a COA and DISMISS this matter.

B.    Proceeding on appeal without prepayment of fees, 28 U.S.C. § 1915(a).

To proceed on appeal without prepayment of fees (*in forma pauperis—ifp*) "an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). An argument "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (describing when a complaint is frivolous). So is an appeal. We have reviewed Austin's *ifp* motion, his opening brief, and the district court record. Because he has not presented a reasoned, non-frivolous argument in support of the issues he seeks to present on appeal, we deny his motion. Austin must immediately pay the full amount of filing and docketing fees to the clerk of the district court.[4]

DISMISSED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

_____

[4] Dismissal of an appeal does not relieve a litigant of his obligation to pay the filing fee in full. *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).