**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FRANK J. DOMBOS,

        Petitioner-Appellant,

v.

JAMES JANECKA, Warden, Lea County
Correctional Facility; GARY KING,

        Defendants-Appellees.

No. 12-2004
(D.C. No. 1:09-CV-00200-JB-GBW)
(D. N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

---

Frank J. Dombos, a pro se New Mexico inmate, seeks a certificate of

appealability ("COA") to challenge the dismissal of his 28 U.S.C. § 2254 habeas

petition.[1]  *See* 28 U.S.C. § 2253(c)(1)(A).  He also requests leave to proceed in forma

pauperis ("IFP").  We deny a COA, deny IFP status, and dismiss the appeal.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be
cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th
Cir. R. 32.1.

[1]    We liberally construe Dombos's pro se materials.  *See Ledbetter v. City of
Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003)

I. Background

Dombos is serving fifty-nine and one-half years in prison for crimes relating to the sexual assault of his wife. The New Mexico Court of Appeals upheld his convictions, *State v. Dombos*, 180 P.3d 675, 678 (N.M. Ct. App. 2008), and the Supreme Court of New Mexico denied review. Dombos filed a state habeas petition, but the trial court denied relief and the New Mexico Supreme Court declined to review the post-conviction proceedings.

In 2010, Dombos filed an amended § 2254 petition, generally claiming, among other things, prosecutorial misconduct and actual innocence. A magistrate judge analyzed the petition and determined it should be dismissed with prejudice. Dombos objected, and on de novo review, the district court agreed with much of the magistrate judge's analysis, although he sustained several objections seeking to supplement the record with additional evidence not before the state courts. Once the additional evidence was received, the magistrate judge reconsidered the relevant claims and again concluded that the petition should be dismissed. On September 30, 2011, the district court adopted that recommendation in full and dismissed the petition with prejudice.

Nearly four months later, on January 17, 2012, Dombos filed a late notice of appeal, followed by a motion to reopen the time to appeal. He claimed he had not received notice of the court's final judgment until five days prior, on January 12, and thus the court should reopen the time to appeal. On January 31, Dombos also filed a

- 2 -

motion for reconsideration. The district court denied a COA but granted the motion to reopen, prompting Dombos to file a second notice of appeal on February 21, 2012. Thereafter, the court denied reconsideration on April 12, 2012.

## II. Analysis

### A. Appellate Jurisdiction

We first consider our jurisdiction. Federal Rule of Appellate Procedure 4(a)(1)(A) requires a notice of appeal to be filed within thirty days after entry of final judgment. The district court entered its final judgment on September 30, but Dombos did not file his notice of appeal until January 17, 2012. We directed him to show cause why the case should not be dismissed for lack of jurisdiction, which prompted him to file his motion to reopen on January 20. The district court granted the motion on February 15 because Dombos had not been served with timely notice of the court's judgment. Dombos filed his second notice of appeal on February 21, before the court denied reconsideration on April 12.

Given this chronology, we have jurisdiction to consider Dombos's application for a COA, but not the denial of his motion for reconsideration. Dombos's first notice of appeal was untimely under Rule 4(a)(1)(A), but Rule 4(a)(6) states that a motion to reopen may be granted if:

> (A)     the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or the order sought to be appealed within 21 days after entry;

> (B)     the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice

under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C)     the court finds that no party would be prejudiced.

Because all of these conditions were satisfied, the district court acted within its discretion in reopening the time to appeal.  And because Dombos timely filed his second notice of appeal within fourteen days of the district court's order, we have jurisdiction to review his application for a COA.

We do not, however, have jurisdiction to review the denial of Dombos's motion for reconsideration.  Dombos filed his second notice of appeal before the district court ruled on his motion for reconsideration, and as a consequence he was obliged to timely file a new notice of appeal or an amended notice of appeal to challenge the order denying reconsideration.  *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Breeden v. ABF Freight Sys., Inc.*, 115 F.3d 749, 752 (10th Cir. 1997).  Dombos failed to do so, and therefore we lack jurisdiction to review the denial of his motion.

B.  Certificate of Appealability

As for the request for a COA, a COA may be issued only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this burden, Dombos must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).  Where a claim was adjudicated on the merits in state court, the state court's decision

- 4 -

is entitled to deference unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1), (2).

Here, the magistrate judge determined that Dombos's claims, which were rejected by the state courts, did not entitle him to relief. The district court ultimately accepted that recommendation and dismissed the petition with prejudice. We have reviewed Dombos's § 2254 petition, the record on appeal, and the relevant legal authority, and we conclude that no reasonable jurist could debate the district court's decision. Therefore, we DENY a COA and DISMISS this appeal for substantially the same reasons. Dombos's request that we independently view a video from the trial or remand for an evidentiary hearing is DENIED. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." (citations omitted)).

Finally, Dombos's request for IFP status is DENIED. To proceed on appeal IFP, Dombos "must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)

(emphasis added).  Dombos fails to advance any reasoned, non-frivolous argument, and thus he is directed to pay the entire filing and docketing fee to the clerk of the district court.  *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).  All other outstanding requests for relief are DENIED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge